# UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| HDEEL ABDELHADY, | : |
| Appellant | : Case No.: 22-7148 |
| v. | : |
| GEORGE WASHINGTON UNIVERSITY, *et al.* | : |
| Appellee | : |

## APPELLEE GEORGE WASHINGTON UNIVERSITY'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Appellee, George Washington University, by and through counsel, Gerard J. Emig, respectfully requests that the court dismiss Appellant's interlocutory appeal for lack of jurisdiction. The district court's minute order partially denying Plaintiff's Motion to Seal (*see* ECF No. 37) (the "Order") is not reviewable as of right and Appellant must seek leave to appeal it on an interlocutory basis. *See* Civil Docket No. 1:22-cv-01334-TNM, *Hdeel Abdelhady v. George Washington University et al.* Notice of Appeal ("Notice", at ECF No. 57.

### I. Background

On October 26, 2022, Plaintiff filed an interlocutory appeal of the Order.

*Id.* Appellant's Notice and accompanying documents do not argue or establish that the issues presented in the Order are immediately appealable a) as of right; b) that the Order has been certified for under 28 U.S.C. § 1292(b) by the District Court; or c) that leave has been otherwise granted to pursue the appeal. S*ee* ECF No. 57; *see also* Appellant's Preliminary Statement of Issues to be Raised at Document #1975091. On December 1, 2022, the district court issued a memorandum opinion resolving many of the claims pending in Appellant's case. Therein, the district court noted that Appellant's Notice of Appeal was defective, and that the district court retained jurisdiction over the case. *See* ECF No. 66, Memorandum Opinion at fn. 2 (citing *Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350 (D.C. Cir. 2008) ("[W]here the deficiency in a notice of appeal by reason of . . . reference to a non-appealable order . . . is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction")).

**II.  Argument**

This Court does not have jurisdiction to review the district court's interlocutory Order because at the time Appellant's notice was filed there was no final judgment and Appellant's Notice is further deficient to the extent it fails to demonstrate the appeal is one of right or assert other grounds for the Court's jurisdiction. Controlling law reflects a "healthy respect for the virtues of the final-

judgment rule." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009). Here, Appellant may not appeal as of right and must instead seek leave to appeal. *See, e.g.*, 28 U.S.C. § 1292(b). The district court, in its footnote 2 to its Memorandum Opinion, is in apparent agreement with this position in that it found Appellant's Notice of Appeal to be "defective."

Pursuant to 28 U.S.C. § 1291, "all final decisions" of the district court are appealable. The D.C. Circuit has construed the final judgment rule strictly, noting that "a district court's decision is ordinarily not final until it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Banks v. Office of Senate Sergeant–At–Arms and Doorkeeper of the United States Senate*, 471 F.3d 1341, 1345 (D.C.Cir. 2006) (quoting *In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1209 (D.C.Cir.2004)).

By purporting to proceed with an interlocutory appeal as of right, see Civil Docketing Statement, Doc. No. 1975084 (November 28, 2022), Appellate attempts to take this Court beyond the class of interlocutory appeals permitted under 28 U.S.C. §§ 1291 & 1292(a), thus "undermin[ing] 'efficient judicial administration; and encroach[ing] upon the prerogatives of district court judges, who play a 'special role' in managing ongoing litigation." *Mohawk*, 558 U.S. at 106 (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)). Appellant has not met her burden of establishing that this Court has jurisdiction

to review the Order immediately. *See, e.g., Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

Further, Appellant's putative appeal does not fall into the two possibly relevant exceptions from the final judgment rule—interlocutory appeal under the collateral order doctrine or appeal of an order that has the practical effect of an injunction—because conforming to the normal procedure and waiting to appeal all issues upon a final judgment from the district court will not irreparably harm Appellant. Indeed, under either theory of exceptional interlocutory review, an appellant must show irreparable harm. *See I.A.M. Nat. Pension Fund Benefit Plan A v. Cooper Indus., Inc.*, 789 F.2d 21, 25 n.5 (D.C. Cir. 1986) ("The [Supreme] Court has read the third prong of [the collateral order] test to require a showing of irreparable harm. The requisite showing of irreparable harm is similar to that required in cases involving interlocutory injunctive orders.") (internal citation omitted).

### A. The Interlocutory Order Is Not Reviewable Under the Collateral Order Doctrine

The district court's Order does not fall within the "small class" of interlocutory orders that can be appealed as of right while litigation in district court is still pending. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949); *see also Will v. Hallock*, 546 U.S. 345, 350 (2006) ("We have meant what we have said[:] we have … kept [the 'small class'] narrow and selective in

its membership."); *Citizens for Responsibility & Ethics in Washington ("CREW") v. U.S. Dep't of Homeland Sec.*, 532 F.3d 860, 864 (D.C. Cir. 2008) ("The Supreme Court has repeatedly emphasized the doctrine's deliberately modest scope.") (internal quotations and citations omitted).

An appealable interlocutory order under this exception must meet three requirements, cumulatively: it must be conclusive; it must resolve important questions separate from the merits; and—most importantly here—it must be effectively unreviewable on appeal from a final judgment in the underlying action. *See, e.g., Mohawk*, 558 U.S. at 107-08 (dismissing appeal where appellants "satisfied the first two conditions of the collateral order doctrine—conclusiveness and separateness—but not the third—effective unreviewability"); *see also Khadr*, 529 F.3d at 1117 (dismissing appeal because order at issue "cannot satisfy the third requirement" so Court did "not consider the first two requirements of the doctrine"); *Swint v. Chambers County Comm'n*, 514 U.S. 35, 35-36 (1995) (vacating circuit court's judgment on appeal where district court's order was neither conclusive nor unreviewable).

Appellant bears the burden of demonstrating that the Order would be unreviewable if she waited to appeal. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). This Court has "read the third prong of [unreviewability in the

collateral doctrine] test to require a showing of irreparable harm." *I.A.M.*, 789 F.2d at 25 n.5.

The burden Appellant must meet to warrant interlocutory review calls for more than "the mere identification of some interest . . . [that] would be irretrievably lost." *Digital Equip. Corp. v. Desktop Direct, Inc*., 511 U.S. 863, 872 (1994) (noting that although some interest may be lost, even "an erroneous district court decision" may not render an interlocutory order unreviewable); *see also Firestone*, 449 U.S. at 378 n.13 (vacating circuit court's decision where appellants claimed harm that was no "greater than the harm suffered by any litigant forced to wait until the termination of the trial before challenging interlocutory orders it considers erroneous"). Plaintiff has not demonstrated that the district court's denial of the Order will cause irreparable harm and must be dismissed and remanded back to the district court.

**B.     The Interlocutory Order Is Not Reviewable Under 28 U.S.C. § 1292(a)(1)**

An exception to the final order rule is found in 28 U.S.C. § 1292, which grants a court of appeals jurisdiction over certain interlocutory appeals. *See Robertson v. Cartinhour*, 691 F. Supp. 2d 65, 75 (D.D.C. 2010) (citing 28 U.S.C. § 1292(a)-(b)). Pursuant to § 1292(a)(1), courts of appeals have jurisdiction from orders granting or otherwise relating to injunctions. *See* § 1292(a)(1). However,

Appellant cannot meet the strict requirements to appeal an interlocutory order that has the practical effect of an injunction. *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) (finding such appeals are a narrow exception to final judgment rule). Initially, the Order does not have the practical effect of an injunction. Even assuming that the interlocutory order here has the "practical effect" of an injunction, *see, e.g., Carson*, 450 U.S. at 83, it still does not fall within the category of immediately appealable orders under 28 U.S.C. § 1292(a)(1). *CREW*, 532 F.3d at 864 (D.C. Cir. 2008). Appellant can only appeal as of right if the Order effectively disposes of all the merits of the underlying case, *Salazar*, 671 F.3d at 1262, or if she shows that she would be irreparably harmed and would lose the opportunity to challenge the Order if she waits to appeal it following a final judgment. *Carson*, 450 U.S. at 84; *Salazar*, 671 at 1262. Neither is the case here and Appellant has not demonstrated that the subject matter of the Order falls under § 1292(a)(1) for the purposes of granting appellate jurisdiction and immediate appeal.

### III. Conclusion

For the foregoing reasons, Appellant is not entitled to interlocutory review of the district court's Order as of right under either the collateral order doctrine or under 28 U.S.C. § 1292(a)(1). Accordingly, this Court should dismiss

Appellant's interlocutory appeal for lack of jurisdiction.

        Respectfully submitted,

        GLEASON, FLYNN, EMIG,
        & MCAFEE, CHARTERED

        */s/ Gerard J. Emig*
        Gerard J. Emig, Esq. #43778
        11 North Washington Street, Suite 400
        Rockville, MD 20850
        (301) 294-2110 (telephone)
        (301) 294-0737 (facsimile)
        ***Attorney for Appellee***
        ***George Washington University***

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 12th day of December 2022, a copy of the foregoing Motion to Dismiss for Lack of Jurisdiction was served electronically on:

Hdeel Abdelhady
*Pro Se*
1717 Pennsylvania Ave., NW #1025
Washington, D.C. 20006
habdelhady@mapopllc.com
*Appellant*

Samuel Joseph DeBlasis, II
DeCaro, Doran, Siciliano, Gallagher
 & DeBlasis, LLP
17251 Melford Blvd., Suite 200

Bowie, MD 20715
*Attorney for PMA Management*

Robert Patrick Scanlon
ANDERSON & QUINN, LLC
The Adams Law Center
25 Wood Lane
Rockville, MD 20850
*Attorney for Aramark Services, Inc. and*
*Aramark Mgmt Services Limited Partnership*

                                      */s/ Gerard J. Emig*
                                      Gerard J. Emig, Esq.