# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

HDEEL ABDELHADY,

    *Appellant,*

v.

GEORGE WASHINGTON UNIVERSITY, ET AL.

    *Appellees.*

No.: 22-7148

## APPELLANT'S OPPOSITION TO THE GEORGE WASHINGTON UNIVERSITY'S MOTION TO DISMISS

The George Washington University (GWU) seeks dismissal of this appeal, contending that the District Court order appealed from is not final or otherwise appealable immediately. Appellant hereby opposes. The District Court order on appeal is properly before this Court under the collateral order doctrine, as discussed below.

## I. The District Court Action and Order on Appeal

Appellant is the Plaintiff in the District Court action (case no. 1-22-cv-01334 (TNM)) from which this interlocutory appeal is taken. The action below involves claims for negligence, intentional torts, and statutory claims. The Defendants are GWU, PMA Management Corporation (PMA), and in relation to one negligence claim, Aramark Services, Inc. and Aramark Management Limited Partnership.

1

The Order on appeal is the District Court's September 26, 2022 minute order partially denying Appellant's motion to seal filings made by GWU containing, without redaction, her medical information, as well as documents that were generated in a workers' compensation claim and a related "contested case" in the District of Columbia Department of Employment Services (DOES), and that were part of the record of an appeal initiated on petition for review in the District of Columbia Court of Appeals (DCCA). The DOES documents, pursuant to DOES policy and procedure, are not public documents. The DCCA case is and has been sealed.

Some four months into the District Court case, after the District Court three times granted Appellant leave to file her medical information under seal, GWU filed documents generated in the DOES matter, including documents containing Appellant's medical information under seal. Appellant moved to seal GWU's filings containing her medical information and non-public documents. ECF No. 37. At the District Court's directive to GWU to respond, GWU opposed, and Appellant replied. ECF No. 39, 42. The District Court partially denied the motion to seal. Min. Order Sept. 26, 2022. The unsealed documents contain references to Appellant's medical information and non-public DOES and DCCA records. The District Court did not address the non-public documents in its minute order. *Id.*

Appellant timely filed her Notice of Appeal on October 26. ECF No. 57. GWU filed in the lower court on November 15 a motion to strike the Notice of Appeal. ECF No. 60. Appellant opposed. ECF No. 61. In a November 29 Order, the District Court denied GWU's motion to strike as "moot," but in its Memorandum Opinion stated that the Notice of Appeal is "defective." Order, ECF No. 63, Mem. Op., ECF No. 66 p. 4 n. 2 (***Ex. 1***). The District Court included in the Memorandum Opinion Appellant's medical information that is under seal, and shortly after re-issued the Opinion on Appellant's motion to redact her medical information. ECF No. 64, Min. Order Dec. 1. The sealed, unredacted Memorandum Opinion is at ECF No. 62. By the same Order, the District Court granted GWU and PMA summary judgment on one count of Appellant's complaint, and dismissed without prejudice the remaining counts against GWU and PMA. ECF No. 63. The Order is silent on leave to amend. Appellant will file for revision pursuant to Fed. R. Civ. P. 54(b).[1]

---

[1] Two versions of the Order issued, both designated ECF No. 63. The first, electronically noticed on November 29, was designated a "final, appealable order" and directed the Clerk to "close this case." The second, noticed on November 30, is silent on finality, appealability, and case closure. It is understood that the second version of the Order is operative.

## II. Argument

This Court has jurisdiction to decide this appeal under the collateral order doctrine. "'[T]he collateral order doctrine accommodates a 'small class' of rulings, not concluding the litigation, but conclusively resolving 'claims of right separable from, and collateral to, rights asserted in the action.'" *Will v. Hallock*, 546 U.S. 345, 349 (2006) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 305 (1996)). The District Court did not indicate in its minute order, or otherwise, that its decision was "tentative or subject to revision." *Doe v. Exxon Mobil Corp.*, 473 F.3d 345, 349 (D.C. Cir. 2007). The order on appeal finally decided Appellant's motion to seal, but does not end the underlying litigation, and has no bearing on the adjudication of the action on the merits. The Order 'finally determine[s] claims of right separable from, and collateral to, rights asserted in the action" and is thus a collateral order. *Cohen v. Benefit Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

In assessing whether a collateral order may be properly immediately appealed, "the decisive consideration is whether delaying review until the entry of final judgment 'would imperil a substantial public interest' or 'some particular value of a high order,'" *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 107 (2009), or rights "too important to be denied review . . . until the whole case is adjudicated." *Cohen*, 337 U.S. at 546. Appellant asserts interests in preserving the confidentiality of her medical information and the continued confidentiality of non-public

documents, consistent with agency policy and a court sealing order on which Appellant has for some three years relied. As this Court recognized, "[t]he public has no need for access to documents" that describe a party's medical condition, whether that medical information is contained in a medical record or in another source. *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980-81 (D.C. Cir. 2016) (deciding the issue of sealing medical information rather than remanding given the "clarity" of the issue). Under this Court's framework for balancing the right of public access and private interests in restricting access, lack of prior public accesses to records or information weighs against future public access. *United States v. Hubbard*, 650 F.2d 293, 319 (D.C. Cir. 1980).

The public, from the date GWU filed Appellant's medical information without redaction, and non-public documents, has had access to Appellant's medical information and non-public documents that she seeks to seal. Public access to the medical information and records in issue here "will to some extent irreparably damage" Appellant's interests, and favors immediate appellate review. *Id.* at 314. This Court has entertained interlocutory appeals from orders denying motions to seal, as immediate public access to records renders the issue "effectively unreviewable by the time the district court had decided" the underlying action. *In re Sealed Case 00-5116*, 237 F.3d 657, 665 (D.C. Cir. 2001).

The circumstances of this appeal satisfy the requirements for review under the collateral order doctrine, and this Court should proceed to the merits.

## III. Conclusion

This Court has jurisdiction to review the District Court's September 26, 2022 minute order on the merits, and should deny GWU's motion to dismiss.

Dated: December 22, 2022                    Respectfully submitted,

/s/ Hdeel Abdelhady
Hdeel Abdelhady
D.C. Bar No. 483559
1717 Pennsylvania Ave., NW, #1025
Washington, D.C. 20006
(202) 630-2512
habdelhady@mapopllc.com
*Appellant*

# **CERTIFICATE OF COMPLIANCE**

1. This document complies with the type-volume limit of Fed. R. App. P. 32(g) excluding the parts of the document exempted by Fed. R. App. P. 32(f), and the word limit of Fed. R. App. 27(d)(2)(A) because this document contains 1,144 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 14-point Times New Roman font.

Dated: December 22, 2022

/s/ Hdeel Abdelhady
Hdeel Abdelhady
*Appellant*

# CERTIFICATE OF SERVICE

I certify that on December 22, 2022, I electronically filed and served a copy of the foregoing paper on the following persons,

Gerard. J. Emig, Esq.
Gleason, Flynn, Emig, & McAffee, Chartered
11 North Washington Street, Suite 400
Rockville, MD 20850
*Counsel for The George Washington University*

Robert P. Scanlon, Esq.
Anderson & Quinn, LLC
Adams Law Center
25 Wood Lane
Rockville, MD 20850
*Counsel for Aramark Services, Inc. and*
*Aramark Management Services Limited Partnership*

Samuel J. DeBlasis, II, Esq.
DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP
17251 Melford Boulevard, Suite 200
Bowie, MD 20715
*Counsel for PMA Management Corporation*

/s/ Hdeel Abdelhady
Hdeel Abdelhady
*Appellant*