# UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| HDEEL ABDELHADY, | |
| Appellant | Case No.: 22-7148 |
| v. | |
| GEORGE WASHINGTON UNIVERSITY, *et al.* | |
| Appellee | |

## APPELLEE GEORGE WASHINGTON UNIVERSITY'S REPLY TO APPELLANT'S OPPOSITION TO <u>MOTION TO DISMISS FOR LACK OF JURISDICTION</u>

Appellee, George Washington University, by and through counsel Gerard J. Emig, Esq., hereby files this Reply to Appellant's Opposition ("Opp.") to The George Washington University's Motion to Dismiss (*see* Document #1978859) and respectfully reiterates its request that that the Court dismiss appellant's interlocutory appeal for lack of jurisdiction.

**A. Appellant does not meet the stringent requirements of the collateral order doctrine.**

Ordinarily, 28 U.S.C. § 1291 allows appeals only from final decisions. However, the collateral order doctrine is a practical construction of § 1291 that allows for an immediate appeal from "a narrow class of decisions . . . that are

1

conclusive, that resolve important questions completely separate from the merits, and that would render such important questions effectively unreviewable on appeal from final judgment . . . ." *See Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994) (cleaned up). The Supreme Court has repeatedly stressed that the collateral order doctrine should be narrowly applied and has "described the conditions for collateral order appeal as stringent . . . ." *Id.* at 868. Appellant's interlocutory appeal of the district court's September 26, 2022, Minute Order does not meet this stringent standard. Appellant further mischaracterizes the records at issue in a manner presumably meant to bolster any claim of harm or prejudice.[1] Ultimately, appellant attempts to retroactively seal information that she initially put at issue and placed in the public sphere in administrative and judicial proceedings. Appellant does not seek to have medical records sealed, but rather judicial records referencing her claims. There is no enabling statute or law requiring the information be sealed and appellant does not describe the potential harm that may occur if her interlocutory appeal does not proceed or why it cannot be resolved with a final appealable order. Further, the cases cited by appellant in support of her Opposition are distinguishable from the purpose for which they are presented.

---

[1] The words 'harm,' 'injury,' 'prejudice,' and similar verbiage or articulation of imminent or irreversible injury to appellant notably do not appear in appellant's Opposition.

**B.     Appellant placed the information she seeks to have sealed in the public sphere and has only retroactively attempted to place it under seal.**

Appellee initially notes that appellant's references to the district court's granting of certain requests to seal or redact her information are not relevant to a determination of this Court's jurisdiction. *See* Opp. at p. 2-3. Notwithstanding, the district court's minute order at issue correctly concludes that the information appellant seeks to have placed under seal are not medical records and were previously disclosed in her own—publicly filed—pleadings. The full text of the order is provided below for reference.

> *MINUTE ORDER granting in part [appellant]'s [37] Sealed Motion. The Clerk of Court shall place ECF No. 32-10 under seal on the case docket. That exhibit contains the names of doctors who treated the [appellant] for her injuries. For all other filings, however, the Court denies [appellant]'s motion. On the Court's review, those documents contain no medical records or details that the [appellant] herself does not already mention in the redacted [14] Amended Complaint. Stray references to her injuries do not count as privileged medical information, particularly when she has already made the same references in her own public filings. SO ORDERED. Signed by Judge Trevor N. McFadden on 9/26/22. (lctnm2)*

*See* Civil Docket No. 1:22-cv-01334-TNM, *Hdeel Abdelhady v. George Washington University et al.*

On May 14, 2022, appellant filed a Complaint including claims for personal injury. *See id.* at ECF No. 1. Therein, she describes in detail the scope and the alleged cause of her injuries and locations and providers from whom

3

she sought treatment. Nearly a month later, on June 10, 2022, appellant sought to seal the Complaint. *See* ECF No. 4. Appellant's efforts to have any information relating to her injury and treatment placed under seal have been consistently retroactive. At no time during this litigation has appellant sought to put a protective order in place with respect to the information she believes should remain confidential. The type of information regarding the nature and scope of appellant's claimed injuries and workers' compensation claim were initially published by her in detail and available to the public for nearly a month through the filing of her initial Complaint. **Prior to that, appellant's workers' compensation case was filed in July 2019, and she only moved to seal the administrative record and D.C. Court of Appeals proceedings in November of 2020. But** the proverbial cat is already out of the bag. Descriptions of appellant's case and injuries are further referenced in various internet posts and a motion to seal will not remedy this fact.[2]

Generally, a plaintiff's privacy interests do not extend beyond those portions of the Complaint that contain sensitive medical information and the personally

---

[2] References to appellant's claims, including her injuries, can be found in various online forums describing and discussing her case. For example, *See* <u>Legal Profession Blog</u> at <u>https://lawprofessors.typepad.com/legal_profession/2022/11/a-george-washington-university-law-professor-who-sued-the-school-for-personal-injuries-had-her-claims-dismissed-by-the-united.html</u>, published November 29, 2022

identifying information described in Federal Rule of Civil Procedure 5.2(a). Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. While the information referenced by appellant does not constitute personal identifying information as contemplated by Rule 5.2 and LCvR 5.4(f), those rules also generally provide that an individual filing any document containing their own personal identifying information waives the protection of Rule 5.2(a) by filing the information without redaction and not under seal. As noted in the district court's Minute Order, general references to appellant's allegations and characterization of her injuries and treatment do not constitute confidential medical information. Further, the very premise that an interlocutory appeal is necessary to prevent "irreparable damage" is inherently flawed because appellant does not articulate what harm will be prevented by retroactively placing all references to her claimed injuries under seal. *See* Opp. at p. 5; *see also id. generally*.

    C.    **The cases cited by appellant are distinguishable.**

Appellant cites *United States v. Hubbard* for the proposition that her privacy rights outweigh the need for public access to court records. *See* Opp. at p. 5 (citing *United States v. Hubbard,* 650 F.2d 293, 319 (D.C. Cir. 1980)). However, prior public access is relevant to a determination of whether previously accessible information can be limited. *See id.* at 318. District courts have generally found that

where information is accessible on the internet and social media "sealing of these exhibits in this case is both pointless and unwarranted." *United States v. Jackson*, No. CR 21-MJ-115, 2021 WL 1026127, at *6 (D.D.C. Mar. 17, 2021) (certain images sought to be sealed were already accessible on the internet).

Appellant cites *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980-81 (D.C. Cir. 2016) for the proposition that the documents she seeks to place under seal are presumptively confidential. *See* Opp. at p. 5. However, *Hardaway* is distinguishable if for no other reason than it related specifically to medical records and the district court's incorrect determination that none of the documents at issue were medical records. *Hardaway*, 843 F.3d at 980-81 (finding a medical form containing a doctor's description of plaintiff's disability had been docketed).

Appellant's assertion that *In re Sealed Case*, 237 F.3d 657, 661 (D.C. Cir. 2001) supports her argument that her interlocutory appeal is proper is also misguided. In that matter, the third-party appellants moved to intervene and asked the court to place the enforcement action under seal pursuant to a specific statute, 2 U.S.C. § 437g(a)(12)(A). *Id.* The district court denied the motion to intervene and motion to seal. In this case, appellant does not cite to specific authority requiring that the information she seeks to place under seal is subject to privilege or be maintained confidentially. Further, appellant has mischaracterized the relevant information as personally identifying information and protected by HIPAA when it

is, in reality, the same information alleging her injuries as described in her publicly filed initial complaint. With respect to application of the collateral order doctrine, the court's denial of the third-party's motion to intervene effectively terminated the third-party's ability to take any action in the case in which they sought to intervene and provided sufficient finality for this Court jurisdiction to hear the case.

The court in *In re Sealed Case* also identifies a concern that is not present in this case. "Once the information included in the FEC's subpoena enforcement action is released, 'the cat is out of the bag,' and Appellants' statutorily guaranteed confidentiality would be forever lost." *Id.* at 664 (citing *In re Papandreou*, 139 F.3d 247, 251 (D.C.Cir.1998)). As previously discussed, appellant's efforts to seal any records referencing her claimed injuries, treatment, and workers' compensation claim have been almost entirely retroactive. There is no concern of letting 'the cat out of the bag' as in *In re Sealed Case* and no reason the Minute Order cannot appealed concurrently with any issues arising from the district court's final decision.

### D. Conclusion.

Despite appellant's assertions otherwise, the collateral order doctrine does not provide jurisdiction for this Court to review the district court's Minute Order. In this case, the district court did not conclusively determine that the record as a whole would not be sealed, only that several specific documents already part of the public record and that reference certain injuries would not be retroactively sealed. Finally,

7

appellant does not articulate what irreparable damage will occur if the appeal is not heard on an interlocutory basis. For these reasons and the reasons set forth in appellee's initial Motion to Dismiss, appellee respectfully requests that this Court determine it does not have jurisdiction to hear appellant's improper interlocutory appeal.

Respectfully submitted,

GLEASON, FLYNN, EMIG,
& MCAFEE, CHARTERED

*/s/ Gerard J. Emig*
Gerard J. Emig, Esq. #43778
11 North Washington Street, Suite 400
Rockville, MD 20850
(301) 294-2110 (telephone)
(301) 294-0737 (facsimile)
***Attorney for Appellee***
***George Washington University***

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(g)(1), the undersigned hereby certifies:

1. George Washington University's Reply to Opposition to Motion to Dismiss Case for Lack of Jurisdiction complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,946 words, excluding the

exempted portions, as provided in Fed. R. App. P. 32(f). As permitted by Fed. R. App. P. 32(g)(1), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

2. George Washington University's Reply to Opposition to Motion to Dismiss Case for Lack of Jurisdiction complies with the typeface and type style requirements of Fed. R. App. P. 27(a)(5)-(6) because it was prepared in proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font.

/s/ *Gerard J. Emig*
Gerard J. Emig

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of December 2022, a copy of the foregoing Reply to Opposition to Motion to Dismiss for Lack of Jurisdiction was served electronically on:

Hdeel Abdelhady
*Pro Se*
1717 Pennsylvania Ave., NW #1025
Washington, D.C. 20006

habdelhady@mapopllc.com
*Appellant*

Samuel Joseph DeBlasis, II
DeCaro, Doran, Siciliano, Gallagher
 & DeBlasis, LLP
17251 Melford Blvd., Suite 200
Bowie, MD  20715
*Attorney for PMA Management*

Robert Patrick Scanlon
ANDERSON & QUINN, LLC
The Adams Law Center
25 Wood Lane
Rockville, MD  20850
*Attorney for Aramark Services, Inc. and*
*Aramark Mgmt Services Limited Partnership*

*/s/ Gerard J. Emig*
Gerard J. Emig, Esq.
