ORAL ARGUMENT IS NOT YET SCHEDULED

No. 22-7148

---

## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

HDEEL ABDELHADY,

Appellant,

v.

THE GEORGE WASHINGTON UNIVERSITY, ET AL.,

Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA
(No. 1:22-cv-1334-TNM (McFadden, J.))

---

## APPELLANT'S BRIEF – SEALED

---

Hdeel Abdelhady
D.C. Bar No. 483559
1717 Pennsylvania Ave., NW,
#1025
Washington, D.C. 20006
(202) 630-2512
habdelhady@mapopllc.com
*Appellant*

## CERTIFICATE AS TO PARTIES, RULINGS UNDER REVIEW, AND RELATED CASES

**(A)  Parties and Amici**

Appellant Hdeel Abdelhady is the sole appellant in this Court, and the sole Ms. Abdelhady in District Court. The George Washington University (GWU), a Defendant below, is the only Defendant that opposed Ms. Abdelhady's motion to seal that was substantially denied by the District Court's September 26, 2022 minute order on appeal. PMA Management Corporation (PMA) is the second remaining Defendant. Defendants Aramark Services, Inc. and Aramark Management Services Partnership Limited were dismissed without prejudice from the District Court action on March 21, 2023, on the grant of Ms. Abdelhady's motion to voluntarily dismiss the Aramark entities under Fed. R. Civ. P. 41(b); ECF No. 93.

**(B)  Ruling Under Review and Related Order**

The ruling under review is the district court's September 26, 2022 minute order (McFadden, J.) substantially denying Ms. Abdelhady's motion to seal filings made by GWU containing: (1) Ms. Abdelhady's medical information that was under seal pursuant to two prior District Court orders and (2) documents generated in D.C. Department of Employment Services (DOES) matters that were not public

under DOES policy and procedure, and that were later ordered sealed in a sealed D.C. Court of Appeals proceeding on petition for review from the DOES.

### (C)  Related Cases

A second appeal is pending from the District Court action, from the November 30, 2022 order disposing of all claims against GWU and PMA (No. 23-7001).

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS UNDER REVIEW, AND RELATED CASES ........................................................................... ii

TABLE OF CONTENTS .......................................................................... iv

TABLE OF AUTHORITIES ....................................................................... v

GLOSSARY OF ABBREVIATIONS ......................................................... vii

JURISDICTIONAL STATEMENT ............................................................ 1

STATUTES AND REGULATIONS .......................................................... 3

STATEMENT OF THE ISSUES ............................................................... 3

STATEMENT OF THE CASE .................................................................. 4

    I.    The Medical Information and Documents in Issue ...................... 4

    II.   Relevant District Court Proceedings and Order ......................... 6

    III.  Subsequent Inconsistent District Court Order Sealing and Protecting Medical Information .................................................12

    IV.  The District Court's Separate Discussion of *Hubbard* and the Public Access Doctrine ...............................................................13

SUMMARY OF ARGUMENT ................................................................15

ARGUMENT .........................................................................................16

    I.    Standard of Review .....................................................................16

    II.   The District Court Abused Its Discretion .................................16

    III.  The Information and Documents in Issue Should Have Been Sealed ........18

CONCLUSION ......................................................................................23

CERTIFICATE OF COMPLIANCE .......................................................25

CERTIFICATE OF SERVICE .................................................................26

## TABLE OF AUTHORITIES

### Cases

*Ameziane v. Obama*,
  620 F.3d 1 (D.C. Cir. 2010) ................................................................ 2

*Attias v. CareFirst, Inc.*,
  865 F.3d 620 (D.C. Cir. 2017) ............................................................ 1

*Britt v. Dejoy*,
  45 F.4th 790 (4th Cir. 2022)................................................................ 1

*CNN, Inc. v. FBI*,
  984 F.3d 114 (D.C. Cir. 2021) ..........................................................15

*Dhiab v. Obama*,
  787 F.3d 563 (D.C. Cir. 2015) ........................................................... 2

*EEOC v. Nat'l Children's Ctr.*,
  98 F.3d 1406 (D.C. Cir. 1996) ....................................... 15, 16, 18, 22

*Gardner v. Saul*,
  1:20-CV-02983, 2020 WL 12969217 (D.D.C. Oct. 16, 2020).....................18. 20

*In re Sealed Case*,
  237 F.3d 657 (D.C. Cir. 2001) ..........................................................23

*Johnson v. Greater Se. Cmty. Hosp. Corp.*,
  951 F.2d 1268  (D.C. Cir. 1991) ..................................................16, 18

*Lugosch v. Pyramid Co. of Onondaga*,
  435 F.3d 110 (2d Cir. 2006)................................................................22

*Metlife, Inc. v. Fin. Stability Oversight Council*,
  865 F.3d 661 (D.C. Cir. 2017) ..........................................................17

*Nixon v. Warner Commc'ns*,
  435 U.S. 589 (1978)..................................................................18, 22

*Odah v. United States*,
  559 F.3d 539 (D.C. Cir. 2009) ........................................................... 2

*Penn W. Assocs. v. Cohen*,
  371 F.3d 118 (3d Cir. 2004)................................................................ 2

*Sierra Club v. USDA*,
  716 F.3d 653 (D.C. Cir. 2013) ........................................................... 2

*United States v. Hubbard*,
  650 F.2d 293 (D.C. Cir. 1980) ..................................................passim

*United States v. Kravetz*,
  706 F.3d 47 (1st Cir. 2013)........................................................18, 20

**Statutes**

28 U.S.C. § 1291 ................................................................................. 1
28 U.S.C. § 1331 ................................................................................. 1
28 U.S.C. § 1332 ................................................................................. 1
28 U.S.C.§ 1291 ................................................................................. 2
D.C. Code § 14-307 ..........................................................................20
Md. Code Ann., Health-Gen. Art., §§ 4-301-09 ............................20

**Rules**

D.C. Cir. Rule 32(e)(1) .....................................................................25
Fed. R. App. P. 32(a)(5) ....................................................................25
Fed. R. App. P. 32(a)(6) ....................................................................25
Fed. R. App. P. 32(a)(7)(A) ..............................................................25
Fed. R. App. P. 32(a)(7)(B) ..............................................................25
Fed. R. App. P. 4(a)(1)(A) ................................................................. 1

**Regulations**

45 C.F.R. §§ 164.500-164.534 .........................................................20

**Other Authorities**

Standing Order (McFadden, J.) ..........................................................17
United States District Court for the District of Columbia, Civil Privacy Notice ....17

# GLOSSARY OF ABBREVIATIONS

**DOES**          The District of Columbia Department of Employment Services

**GWU**          The George Washington University

**HIPAA**        Health Insurance Portability and Privacy Act ("Privacy of Individually Identifiable Health Information") regulations, 45 C.F.R. §§ 164.500 – 164.534

**PMA**          PMA Management Corporation

## JURISDICTIONAL STATEMENT

The District Court had diversity and federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. This Court has jurisdiction pursuant to 28 U.S.C. § 1291, because the Order on appeal is final or an immediately appealable collateral order. Ms. Abdelhady timely filed a notice of appeal.[1] Fed. R. App. P. 4(a)(1)(A). After this appeal was docketed, the District Court entered an order disposing by summary judgment and dismissals without prejudice, and without leave to amend, of all claims against GWU and PMA. Mem. Op., JA260. That dispositive order is final as to GWU and PMA. *Attias v. CareFirst, Inc.*, 865 F.3d 620, 625 (D.C. Cir. 2017) ("[A]nything less than an *express* invitation [to amend] is not a clear enough signal to overcome the presumption of finality."); *Britt v. Dejoy*, 45 F.4th 790, 795-96 (4th Cir. 2022) (following *Attias* and adopting as a circuit rule that dismissal without express leave to amend is final and appealable).

On March 20, 2023, the District Court granted Ms. Abdelhady's motion to voluntarily dismiss without prejudice Aramark Services, Inc. and Aramark Management Services Partnership Limited, and ordered the Clerk to "close this case." Min. Order, March 20, 2023, JA11. It is unclear if the District Court

---

[1] According to PMA's Certificate as to Parties, Rulings, and Related Cases, the District Court "granted" GWU's Motion to Strike Plaintiff's Notice of Appeal. Document #1987483 at 4. This is incorrect. The District Court denied as "moot" GWU's Motion to Strike. Mem. Op. at 2 n. 1, JA345.

intended by that directive finality or an administrative closure. *See, e.g.*, *Penn W. Assocs. v. Cohen*, 371 F.3d 118, 127 (3d Cir. 2004) (a directive to mark a case closed is an "administrative closing" that is "essentially [an] ad hoc . . . way in which courts remove cases from their active files without making any final adjudication.").

Even if the District Court's closure of the case is administrative, this Court has jurisdiction under the collateral order doctrine, a "'practical construction'" of 28 U.S.C.§ 1291 permitting immediate review of interlocutory orders conclusively resolving "important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment.'" *Sierra Club v. USDA*, 716 F.3d 653, 657 (D.C. Cir. 2013) (quoting *Digit. Equip. Corp. v. Desktop Direct*, 511 U.S. 863, 867 (1994), *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106, (2009)).

An interlocutory order denying a motion to seal is final and immediately appealable, as it is "effectively unreviewable on appeal from a final judgment because once . . . [the document or information in issue] is revealed publicly, the disclosure cannot be undone." *Ameziane v. Obama*, 620 F.3d 1, 5 (D.C. Cir. 2010). *Accord Dhiab v. Obama,* 787 F.3d 563, 566-57 (D.C. Cir. 2015) (order declining to seal is immediately reviewable); *Odah v. U.S.*, 559 F.3d 539, 544 (D.C. Cir. 2009) (once the district court orders disclosure of information, "the 'cat is out of the bag' and appellate review is futile" after final judgment); *United States v.*

*Hubbard*, 650 F.2d 293, 314 (D.C. Cir. 1980) ("because public access to . . .
documents . . . will to some extent irreparably damage the interests asserted, an
order which has the effect of permitting such invasion, as a practical matter,
'finally determine(s)' the claim.").

## STATUTES AND REGULATIONS

No statutes or regulations are controlling or were before the District Court.

## STATEMENT OF THE ISSUES

1.  Whether the District Court abused its discretion in substantially denying Ms.
Abdelhady's motion to seal filings made by GWU containing Ms. Abdelhady's
medical information and non-public documents, because the District Court did not
apply the six-factor test set forth in *Hubbard*, 650 F.2d 293, appeared to
misapprehend or mischaracterize the information and documents in issue, and the
order on appeal is internally inconsistent and conflicts with the District Court's
prior and subsequent orders sealing medical information.

2.  Whether the District Court abused its discretion by disregarding, and not
deciding, that portion of the motion to seal non-public documents, some of which
also contained medical information under seal.

## STATEMENT OF THE CASE

**I.  The Medical Information and Documents in Issue**

Ms. Abdelhady presses this appeal to preserve the privacy of her medical

information and non-public documents generated in a D.C. Department of

Employment Services (DOES) workers' compensation matter, and that were filed

in a D.C. Court of Appeals case that was sealed when pending and remains sealed.

GWU filed Ms. Abdelhady's medical information and the non-public documents

on the District Court's public docket.

The medical information in issue comprises references to Ms. Abdelhady's

medical diagnoses and conditions, treatment, and medical provider names, such as

██████████████████████████████████████████████

██████████████████████████████████████ Early and

consistently in the District Court, Ms. Abdelhady moved to seal her complaint and

amended complaint containing the same and other medical details. Pl. Mot. Seal

Compl. and Am. Compl. JA14-20, JAS1.[2] Those motions were granted. Min.

Order, June 10 and July 15, 2022, JA2. Ms. Abdelhady filed her complaints on the

public docket with redactions narrowly tailored to restrict public access to the same

---

[2] Citations to Appellant's Supplement Under Seal are to "JAS."

Material Under Seal Deleted

diagnostic, treatment, and provider details in issue here. *E.g.*, Pl. Am. Compl.,

JA21. Not one of the then-four District Court Defendants objected to sealing.

Appellee The George Washington University (GWU), an institution of

higher learning that maintains a medical school and a major D.C. Metro Area

medical practice, is well acquainted with the law and ethics of medical privacy.

Some four months into the District Court case, GWU filed on the public docket

replies in support of its motions to dismiss and for summary judgment, and with

those replies 16 exhibits that disclosed Ms. Abdelhady's medical information

under seal. JAS4-63.[3] For example, GWU's replies and exhibits contain some 25

references to ▮▮▮▮▮▮ and disclose other medical details that was under seal

pursuant in the District Court, such as ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮ *See, e.g.*, Pl. Am. Compl. (sealed) ¶¶ 22-24, 27-31, 33-

35, 37-54, ECF No. 13; Pl. Am. Compl. (*redacted*) ¶¶ 22-24, 27-31, 33-35, 37-54,

JA26-32; GWU Exhibits, JAS23, 25, 35, 52, 56-57, 71, 85, 87-88, 97. GWU did

not obtain or seek leave to file sealed medical information on the public docket, but

flouted and negated the District Court's prior orders sealing the same information

---

[3] GWU's replies are included in their entirety in the Public Appendix and in the Supplemental Appendix; the exhibits to GWU's replies, all of which are non-public DOES documents and sealed in the D.C. Court of Appeals, are filed with the replies in the Supplement Under Seal. Parts of GWU's replies containing screenshots of non-public DOES documents, including Ms. Abdelhady's medical information otherwise under seal in the District Court, are redacted in the Public Appendix, but are not redacted in the District Court.

in Ms. Abdelhady's complaints. Nor did GWU observe the District Court's Civil

Privacy Notice, that advises parties and attorneys to "[e]xercise caution when filing

documents that contain," *inter alia*, "medical records, treatment and diagnosis" or

"individual financial information," and to "consider accompanying such filings

with a motion to seal." D.D.C., Civil Privacy Notice, JA358.

GWU's 16 exhibits are DOES documents generated in a workers'

compensation matter that preceded the District Court action by over three years.

JAS17-62, 83-95. Some of those documents contain Ms. Abdelhady's medical

information in issue, as well as financial information and other non-public

information, as discussed below. The same documents were sealed in a sealed D.C.

Court of Appeals case, initiated on petition for review from the DOES, and in

which GWU intervened. Pl. Mot. Seal, Ex. 7, JA207. In filing the 16 DOES

documents on the public docket, GWU spurned DOES policy and the D.C. Court

of Appeals' sealing order.

**II. Relevant District Court Proceedings and Order**

A. Plaintiff's Motion to Seal and Opposition

Ms. Abdelhady promptly moved through counsel to seal GWU's filings

containing her medical information and non-public documents. Pl. Mot. Seal,

JAS100. Ms. Abdelhady applied the *Hubbard* factors and other applicable

6

Material Under Seal Deleted

authority, relied on the District Court's Civil Privacy Notice, and laid out for the District Court in table format each of GWU's filings that she sought to seal and the reasons for sealing. *Id.* at 101-09. In support of the motion, Ms. Abdelhady filed 11 exhibits substantiating her medical privacy interests, that the DOES documents were not publicly available or publicly accessible, and that the D.C. Court of Appeals case was sealed. *Id.* at 114-41. Among Ms. Abdelhady's exhibits were

██████████████████████████████████████

███████████████████████████████████

█████████████████████████ by disclosing Ms. Abdelhady's medical records to GWU in response to DOES subpoenas that GWU obtained off-the-record and executed without prior notice to Ms. Abdelhady, and that Ms. Abdelhady vehemently contested before the DOES and the D.C. Court of Appeals. *Id.* at 123-41.

In conferral with Ms. Abdelhady regarding her motion to seal, GWU took issue with the motion's "argumentative language and factual conclusions" but stated that it would "most likely consent to the sealing of filings." Pl. Mot. Seal, JAS97. Still, the District Court, sua sponte, ordered GWU to file a response to Ms. Abdelhady's motion to seal. Min. Order, Sept. 16, 2022, JA6.

In its opposition to sealing, GWU stated that it filed Ms. Abdelhady's medical information and non-public documents to "defend itself" in response to the

District Court action that GWU claimed had "damaged" its "reputation." GWU Opp'n, JA230, 232, 240. However, Ms. Abdelhady's medical information was irrelevant to GWU's "defense," as GWU filed it on the public docket for no substantive purpose. GWU complained that Ms. Abdelhady did not "at the initial stages of th[e] case . . . request the Court to place the entire case under seal." *Id*. at 230.

GWU did not in response to Ms. Abdelhady's motion to seal, dispute that the DOES documents in issue were not public under DOES policy, or sealed in the D.C. Court of Appeals. GWU did not respond at all to any of Ms. Abdelhady's exhibits showing that the DOES documents were not public and sealed, or verify its casual claims in its reply in support of its motion to dismiss the DOES documents were "publicly filed documents readily available to all parties." *Id*. at 227-35. Sowing confusion, GWU conflated medical diagnoses and other sealed details in issue with references in Ms. Abdelhady's redacted amended complaint to the occurrence and mechanism of Ms. Abdelhady's accident and generalized references some injuries, and claimed that its filings "do not contain any protected medical information" and that it "disclose <u>any</u> of Plaintiff's medical records and has made only general statements about Ms. Abdelhady's injuries." *Id.* at 230. GWU claimed that Ms. Abdelhady's 2019 DOES affidavit, filed separately as Exhibit 1 to its reply in support of dismissal and Exhibit 13 to its summary

judgment reply, and partially replicated with private medical details in the body of the reply in support of dismissal, "does not disclose any protected information" or "contain any protected medical information." *Id.* at 230-31. GWU made the same claims in this Court. *See, e.g.*, GWU Reply, Document #1979496 at 4 (claiming that Appellant seeks to seal "[d]escriptions of" her "case and injuries."). GWU's representations of its filings were and are inaccurate. For example:

- GWU's reply in support of its motion to dismiss, containing a screenshot of a ███████████ filed by Ms. Abdelhady in the DOES, discloses, *e.g.*:

  ████████████████████████████████████

  ███████████████████████████████████

  ███████████████████████████████

  ███████████████████████████████

  ████████ Exactly the same private medical details are contained in Exhibit 2 to GWU's reply in support of dismissal and Exhibit 13 to GWU's summary judgment reply. JAS69, 83, 85-86.

- Exhibit 3 to the same reply, an excerpt from a non-public DOES hearing transcript, discloses █████████████████████████

  ████████████████████████████████████

  ████████ JAS95.

- Exhibit 1 to GWU's summary judgment reply, a non-public DOES
  document, contains references to, *e.g.*, ██████████████████████
  ████████████ JAS18.

- Exhibits 4, 5, and 9 to GWU's reply in support of its motion for summary
  judgment, are non-public DOES documents, one of which GWU filed three
  times, contain references to ████████████████████████
  JAS21, 23, 33.

- Exhibit 8 to the summary judgment reply, a non-public DOES document,
  identifies by name two ████████████████████████
  ██████████████████████████. JAS28.

- Exhibit 10 to GWU's summary judgment reply, a non-public joint pre-
  hearing statement filed in the DOES, also refers to, for example,

  ████████████████████████████████

  ████████████ and other medical information that Ms. Abdelhady filed

  under seal under the District Court's orders preceding GWU's filings. ECF

  No. 32-10 at 3, 11. As discussed below, this exhibit was placed under seal

  by the District Court.

- All of the DOES documents filed by GWU, including those not included in
  the Public Appendix or Sealed Supplement, were not and are not publicly

accessible pursuant to DOES policy, and the same documents are sealed in
the D.C. Court of Appeals. Pl. Mot. Seal, JA197-92, 207.

B.  The September 26, 2022 Minute Order

In substantially denying Ms. Abdelhady's motion to seal, the District Court,
with one exception, did not address with specificity the medical information and
documents in issue. Min. Order, JA13. As stated above, the District Court granted
Ms. Abdelhady's motion to seal only as to the document that it specifically
identified, Exhibit 10 to GWU's summary judgment reply, ECF No. 13, because
that exhibit "contains the names of doctors who treated Ms. Abdelhady for her
injuries." Min. Order, JA13. However, the District Court did not seal other of
GWU's other exhibits also containing "the names" of medical providers who
treated or examined Ms. Abdelhady. *Id.*; e.g., JAS28, 54, 85, 95.

As to the other documents, the District Court stated: "those documents
contain no medical records or details that Ms. Abdelhady herself does not already
mention in the redacted [14] Amended Complaint. Stray references to her injuries
do not count as privileged medical information, particularly when she has already
made the same references in her own public filings." *Id.* The District Court did not
identify the "stray references" or the "details that Ms. Abdelhady herself"
mentioned in the redacted Amended Complaint. *Id.* Nor did the District Court
anchor its premises and conclusions in legal authority. *Id.* Ms. Abdelhady's

11

amended complaint does not discernably contain "stray references" to the medical information in issue, *e.g.*, ████████████ The District Court did not resolve, or mention, Ms. Abdelhady's request to seal the non-public DOES documents that are also under seal in the D.C. Court of Appeals, or any the 11 exhibits filed with Ms. Abdelhady's motion to seal that GWU failed to counter or discuss. *Id.* Nor did the District Court reconcile its minute order with its prior orders granting Ms. Abdelhady's motions to seal her complaints, to shield from public access references to, *e.g.*, ████████████████████████ *Id.*

### III. Subsequent Inconsistent District Court Order Sealing and Protecting Medical Information

The District Court's order on appeal also conflicts with a subsequent order granting Ms. Abdelhady's motion to redact from the original version of its November 30 Memorandum Opinion the following language that was extraneous to the order it discussed, and that disclosed medical information under seal by the District Court's orders:



Mem. Op., ECF No. 62 (*sealed*); *compare* Mem. Op. (*redacted*), JA261. By the same minute order, the District Court placed the original Memorandum Opinion under seal. Min. Order, Dec. 1, 2022, JA259.

The minute order on appeal also conflicts with the District Court's subsequent Confidentiality Order governing discovery involving only Ms. Abdelhady and the now dismissed Aramark entities, that includes medical privacy protections and authorizes the filing of medical information under seal. Confidentiality Order, JA295. The contradictions inherent in the minute order on appeal, and the conflicts between the District Court's prior and later sealing and confidentiality orders, suggest that the District Court misapprehended or mischaracterized GWU's filings in issue and Ms. Abdelhady's motion to seal those filings.

## IV.    The District Court's Separate Discussion of *Hubbard* and the Public Access Doctrine

While freely filing Ms. Abdelhady's medical information and non-public documents despite District Court and D.C. Court of Appeals sealing orders and the DOES' policies and procedures, GWU, without obtaining or seeking leave, filed a summary judgment exhibit from which it redacted information material to Plaintiff's claims and its principal defense that it was "immune" under the D.C. Workers' Compensation Act of 1979 because it was a "lawfully self-insured employer." GWU Mot. SJ, Ex. D, ECF No. 18-6 at 9-10. Ms. Abdelhady objected to the filing of that redacted exhibit, and to the District Court's consideration of the exhibit, in oppositions to GWU's summary judgment motion. *E.g.*, Pl. Opp'n GWU Mot. SJ, ECF No. 26-1 at 9. The District Court did not address Ms.

13

Abdelhady's objections, and granted GWU summary judgment in express reliance on its redacted exhibit. Mem. Op., JA260-91.

Later, Ms. Abdelhady filed a motion for an order directing GWU to file the same exhibit without redaction, on the public docket. JA298. The District Court's Memorandum Order denying Ms. Abdelhady's motion is pertinent, insofar as it, unlike the minute order on appeal, discusses the public access doctrine, including *Hubbard*. Mem. Order, JA298. According to the District Court, GWU's exhibit was not a "judicial record" because GWU "never filed an unredacted version of" the exhibit. JA348. The Memorandum Order also states that "a document [is] not . . . a public record when it does not eventuate in any official action or decision." *Id.* (quoting *Wash. Legal Found. v. U.S. Sent'g Comm'n*, 89 F.3d 897, 905 (D.C. Cir. 1996)). The Memorandum Order is at odds with the minute order on appeal. In addition to being private information appropriate for sealing, Ms. Abdelhady's medical information did not "eventuate in any official action or decision," but the District Court denied her motion to seal. Moreover, the District Court's Memorandum Order suggests that a party may file at will, without leave, redacted documents on the public docket. However, the District Court did not indicate in response to Ms. Abdelhady's motions to seal her complaints that leave was unnecessary. The suggestion that a party may file redacted documents at will also conflicts with, *e.g.*, well-established rules, as reflected in the District Court's Civil

14

Privacy Notice. JA358 (a party filing sensitive information should "consider accompanying such filings with a motion to seal").

**SUMMARY OF ARGUMENT**

This Court should reverse the District Court's Order substantially denying Ms. Abdelhady's motion to seal. The District Court abused its discretion in three ways that each and together warrant reversal. *EEOC v. Nat'l Children's Ctr.*, 98 F.3d 1406, 1410 (D.C. Cir. 1996) (order denying a motion to seal is reviewed for abuse of discretion.). First, the District Court did not apply *Hubbard*, 650 F.2d 293, under which this Court has for decades "weighed" the public's right of access against "competing interests." *CNN, Inc. v. FBI*, 984 F.3d 114, 116 (D.C. Cir. 2021). Second, the order on appeal is internally inconsistent, and conflicts with the District Court's prior and later sealing and confidentiality orders, as well as the Memorandum Order discussing the public access doctrine. JA348. Third, the District Court did not decide or address that portion of Appellant's motion to seal pertaining to the 16 non-public DOES documents filed by GWU, although the documents were squarely before the Court and ripe for resolution.

# ARGUMENT

## I.    Standard of Review

The District Court's order substantially denying the motion to seal is reviewed for abuse of discretion. *Nat'l Children's Ctr.*, 98 F.3d at 1410.

## II.    The District Court Abused Its Discretion

The District Court abused its discretion, and the order on appeal should be reversed. *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 981 (D.C. Cir. 2016). (reversing an insufficiently articulate order denying a motion to seal medical records and descriptions without applying *Hubbard*). The "decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991). That "discretion is not unreviewable . . . it is imperative that a district court articulate its reasons for electing to seal or not to seal a record." *Nat'l Children's Ctr.*, 98 F.3d at 1410.  A district court abuses its discretion when it "fail[s] to weigh the [*Hubbard*] . . . factors and mischarteriz[es] the record." *Hardaway*, 843 F.3d at 980 (citing *Nat'l Children's Ctr.*, 98 F.3d at 1409). "In . . . cases involving motions to seal or unseal judicial records, the *Hubbard* test has consistently served as our lodestar because it ensures that we fully account for the

16

various public and private interests at stake." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 666 (D.C. Cir. 2017).

Here, the District Court's failure to apply *Hubbard*, and "fully account" for the "interests at stake," warrants reversal. *Hardaway*, 843 F.3d at 981. Indeed, here the District Court did not proceed according to its own Standing Order, which states that "[m]otions to seal should explain why sealing is appropriate with reference to the factors identified in . . . *Hubbard*." Standing Order, JA351. The District Court also disregarded the District Court's Civil Privacy Notice, although Ms. Abdelhady discussed the Notice in her motion to seal. Pl. Mot. Seal, JA185, 190, 193. In addition, the inconsistency of the minute order on appeal – sealing one document containing medical provider names but not sealing others containing the same information – and the inconsistency between the District Court's prior and subsequent orders on sealing and confidentiality, as well as its failure to address Ms. Abdelhady's motion regarding the non-public DOES documents, suggest that the District Court misapprehended or mischaracterized the medical information and documents in issue, also warranting reversal. *Hardaway,* 843 F.3d at 981. Further, the District Court's order, stating vaguely and without guiding legal authority, that "stray references" in Ms. Abdelhady's complaints justified the denial of her motion to seal, suggests that the Court did not exercise its discretion "light of the relevant facts and circumstances of the particular case." *Johnson*, 951

17

F.2d at 1277 (D.C. Cir. 1991). The order does not satisfy the requirement that a

district court "articulate its reasons for electing to seal or not to seal a record."

*Nat'l Children's Ctr.*, 98 F.3d at 1410. As in *Hardawa*y, *Nat'l Children's Ctr, and*

*Johnson*, this Court should reverse the District Court's minute order for its lack of

specificity, apparent mischaracterization of the record, and the failure to apply

*Hubbard*.

## III.    The Information and Documents in Issue Should Have Been Sealed

"It is uncontested . . . that the right to inspect and copy judicial records is not

absolute." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Ms. Abdelhady's

interests in the privacy of her medical information and non-public and sealed

agency documents outweigh the public's right of access to court records. "Medical

information is . . 'universally presumed to be private, not public.'" *United States v.*

*Kravetz*, 706 F.3d 47, 63 (1st Cir. 2013) (quoting *In re Boston Herald, Inc.*, 321

F.3d 174, 190 (1st Cir. 2003)). "The public has no need for access to documents

that describe . . . [a party's] disability," whether those documents are in the form

of medical records or describe medical information. *Hardaway*, 843 F.3d at 980.

The District Court, in other cases, has adhered to *Hardaway* and granted motions

to seal filings containing medical information. *See, e.g.,, Gardner v. Saul*, 1:20-

CV-02983, 2020 WL 12969217, at *2 (D.D.C. Oct. 16, 2020) (plaintiff's request

"[to seal medical information in a complaint] falls squarely within the four corners

of *Hardaway*."). Ms. Abdelhady's motion to seal discussed *Hardaway*. JAS104. The minute order on appeal offers no clues as to why the District Court apparently disregarded that case.

The District Court should have granted Ms. Abdelhady's motion, applying the *Hubbard*'s six factors: (1) the need for public access, (2) previous access to the documents in issue, (3) the fact of objection to public access and the identity of the objector, (4) the strength of asserted privacy or property interests, (5) the possibility of prejudice, and (6) the purposes for which the documents in issue were introduced. *Hubbard*, 650 F.2d 317-323. As in *Hubbard*, neither the medical information nor DOES documents were used at trial. *Id.* at 318. The public had no access to Ms. Abdelhady's medical information in issue, or to the DOES documents, before GWU filed them on the public docket despite the sealing orders and the DOES' policies and procedures. As substantiated by the exhibits to Ms. Abdelhady's motion to seal, the DOES documents were not and are not available to the public, and the same documents were and remain under seal in the D.C. Court of Appeals. JAS114-22. GWU's unsubstantiated claims in the District Court, that the DOES documents were "public record" and "readily available to all parties," should not have been implicitly credited below, and should be rejected here if repeated. JA156.

That Ms. Abdelhady objects and has consistently objected to the disclosures

of her medical information in issue, and to DOES documents generated in

administrative matters to which to which she was a party and relied on the DOES'

policies, is "an important consideration." *Hubbard*, 650 F.2d at 319. Ms.

Abdelhady's interests in preserving her medical privacy are recognized by the

courts of this Circuit and others, *e.g.*, *Hardaway*, 843 F.3d at 980; *Kravetz*, 706

F.3d at 63; *Gardner*, 1:20-CV-02983, 2020 WL 12969217, at *2, and are

established and protected under applicable federal, state, and District of Columbia

law. *See, e.g.*, HIPAA Privacy Rule, 45 C.F.R. §§ 164.500-164.534; D.C. Code §

14-307 (prohibiting disclosures by medical providers of confidential patient

information in District of Columbia federal and state courts); Md. Code Ann.,

Health-Gen. Art., §§ 4-301-09 (requiring confidentiality of medical information).[4]

Ms. Abdelhady's privacy interests are sufficiently "direct and substantial" to

"require retention of the documents under seal." *Hubbard*, 650 F.2d at 320.

The possibility of prejudice favors sealing. "The likelihood of prejudice . . .

depend[s] on a number of factors, including, most importantly, the nature of the

materials disclosed." *Id.* at 321. There is no legitimate question that Ms.

---

[4] The medical information in issue in this case originates from ███████████
████████████████████████████████████████████
███████ Pl. Mot. Seal, JA193.

Abdelhady is prejudiced by public's access to her medical diagnoses and treatment details. Unlike in *Hubbard*, where the "weight" of the prejudice factor could not be determined in the absence of "complete familiarity" with the documents in issue, 650 F.2d at 321, the District Court had before it the medical information and documents in issue, and should have restricted public access to the same information and documents, as it did in its prior and subsequent orders on sealing and confidentiality.

*Hubbard's* sixth factor, the purposes for which the documents were filed, also warrants sealing. *Id.* at 321-22. GWU did not file the documents in issue to contest, for example, the existence of any medical condition or related liability. GWU filed those documents to in support of a collateral attack on Ms. Abdelhady's amended complaint and oppositions to its dispositive motions, including to exclude Ms. Abdelhady's evidence in opposition to its motion for summary judgement. *See, e.g.,* GWU Reply SJ, JS95-98 (arguing that Ms. Abdelhady's evidence in opposition to summary judgment should be excluded under the "sham affidavit rule"). Insofar as the District Court relied on some DOES documents to grant GWU summary judgment, the fact remains that Ms. Abdelhady's recognized privacy interests, including in preserving her rights under the DOES' privacy policies and sealing orders, outweigh the public's right of access, including to judicial records, and the District Court did not weigh

21

competing interests under *Hubbard*. Even where the First Amendment right of public access is in issue, "'[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir.1987)). The District Court had before it Ms. Abdelhady's motion asserting legitimate interests in sealing, and erred in not resolving the motion by weighing against the public's right of access Ms. Abdelhady's clearly articulated interests in sealing the specific information and documents in issue under *Hubbard*. *Nat'l Children's Ctr.*, 98 F.3d at 1409.

As GWU stated in the District Court, it filed Ms. Abdelhady's medical information and non-public DOES documents in their entirety out of spite — to "defend itself" – and preferred that Ms. Abdelhady "request the Court to place the entire case under seal." JA230. GWU's interest, unmoored from the merits, in instrumentalizing the District Court's public docket to publish Ms. Abdelhady's private and previously sealed medical information is not vindicable. "[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not 'used to gratify private spite or promote public scandal.'" *Nixon*, 435 U.S. at 598 (quoting *In re Caswell*, 18 R. I. 835, 836, 29 A. 259 (1893)). This Court has viewed with suspicion a party's opposition to sealing

where apparently "externally motivated." *In re Sealed Case*, 237 F.3d 657, 668 (D.C. Cir. 2001) ("We would hope that . . . [the FEC's] strident opposition is not . . . compelled by some vindictive desire to publicize allegations that are yet to be established. Nevertheless, the weakness of the FEC's position in this case invites the suspicion that its actions are externally motivated."). The District Court did not give GWU's stated objectives the consideration they deserved, and should have done so after ordering GWU to file a response to Ms. Abdelhady's motion to seal after GWU stated it would "most likely consent to the sealing of filings." Pl. Mot. Seal, JA182.

## CONCLUSION

This Court should reverse the District Court's order on appeal and enter an order directing the District Court to place the information and documents in issue under seal. Alternatively, this Court should remand the record, but not dismiss this appeal, so that the District Court may explain its reasons for substantially denying Ms. Abdelhady's motion, and do so with specificity and under *Hubbard*.

23

Dated: April 5, 2023                    Respectfully submitted,


/s/ Hdeel Abdelhady
_____
Hdeel Abdelhady
D.C. Bar No. 483559
1717 Pennsylvania Ave., NW, #1025
Washington, D.C. 20006
(202) 630-2512
habdelhady@mapopllc.com
*Appellant*

## CERTIFICATE OF COMPLIANCE

1.  Appellant's brief complies with the page limitation Fed. R. App. P. 32(a)(7)(A) and complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because it contains 4,619 words, excluding those sections set forth in D.C. Cir. Rule 32(e)(1).

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 14-point Times New Roman font.

Dated: April 5, 2023

/s/ Hdeel Abdelhady
Hdeel Abdelhady

*Appellant*

## CERTIFICATE OF SERVICE

I certify that on April 5, 2023, I electronically filed and served a copy of the

foregoing paper on the following persons,

Gerard. J. Emig, Esq.
Gleason, Flynn, Emig, & McAffee, Chartered
11 North Washington Street, Suite 400
Rockville, MD 20850
*Counsel for The George Washington University*

Robert P. Scanlon, Esq.
Anderson & Quinn, LLC
Adams Law Center
25 Wood Lane
Rockville, MD 20850
*Counsel for Aramark Services, Inc. and*
*Aramark Management Services Limited Partnership*

Samuel J. DeBlasis, II, Esq.
DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP
17251 Melford Boulevard, Suite 200
Bowie, MD 20715
*Counsel for PMA Management Corporation*

/s/ Hdeel Abdelhady

Hdeel Abdelhady
*Appellant-Ms. Abdelhady*