ORAL ARGUMENT IS NOT YET SCHEDULED
No. 22-7148

---

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

HDEEL ABDELHADY,

*Appellant*,

v.

THE GEORGE WASHINGTON UNIVERSITY, ET AL.,

*Appellees*.

---

Appeal from the United States District Court for the District of Columbia
(No. 1:22-cv-1334-TNM (McFadden, J.))

---

# APPELLANT'S REPLY BRIEF
# PUBLIC COPY- SEALED MATERIAL DELETED

---

Hdeel Abdelhady
D.C. Bar No. 483559
1717 Pennsylvania Ave., NW, #1025
Washington, D.C. 20006
(202) 630-2512
habdelhady@mapopllc.com
*Appellant*

## TABLE OF CONTENTS

TABLE OF CONTENTS.......................................................................... ii

TABLE OF AUTHORITIES ................................................................ iii

GLOSSARY OF ABBREVIATIONS.................................................. v

INTRODUCTION ................................................................................. 1

SUMMARY OF ARGUMENT .......................................................... 6

ARGUMENT ......................................................................................... 6

    I.    This Court Has Jurisdiction Under 28 U.S.C. § 1291................................ 6

    II.    The District Court Abused its Discretion ................................... 8

        A.    GWU Concedes That the District Court Did Not Apply *Hubbard* .......... 8

        B.    *Hubbard* Does Not Reward the Unauthorized Public Filing of Documents ..............................................................................10

        C.    GWU Filed the DOES Documents for Improper Purposes ....................11

        E.    Fed. R. Civ. P. 5.2 is Irrelevant.............................................................15

        F.    GWU's New Arguments About the Non-Public Documents are Legally and Factually Wrong..................................................................17

CONCLUSION ....................................................................................19

CERTIFICATE OF COMPLIANCE ................................................21

CERTIFICATE OF SERVICE..........................................................22

## TABLE OF AUTHORITIES

**CASES**

*B.L. Through Lax v. Dist. of Columbia*,
  517 F. Supp. 2d 57 (D.D.C. 2007)....................................................16

*Blue v. District of Columbia Pub. Schs.*,
  764 F. 3d 11 (D.C. Cir. 2014) ....................................................6, 7

*Ciralsky v. C.I.A.*,
  355 F.3d 661 (D.C. Cir. 2004) .................................................... 8

*Handy v. Shaw, Bransford, Veilleux & Roth*, 3
  25 F.3d 346 (D.C. Cir. 2003) .......................................................... 1

*Hardaway v. D.C. Hous. Auth.*,
  843 F.3d 973 (D.C. Cir. 2016) ...................................................15

*In re Los Angeles Times Comms. LLC*,
  28 F. 4th 292 (2022).................................................................. 8

*In re Sealed Case*,
  237 F.3d 657 (2001)...................................................................11

*Langnes v. Green*,
  282 U.S. 531 (1931).................................................................. 9

*Metlife Inc., v. Fin. Stability Oversight Council*,
  865 F.3d 661 (D.C. Cir. 2017) ...............................................6, 11

*Nixon v. Warner Communications, Inc.*,
  435 U.S. 589 (1978)...................................................................14

*Robinson-Reeder v. American Council on Educ.*,
  571 F.3d 1333 (2009).................................................................. 7

*United States v. Hubbard*,
  650 F.2d 293 (1980)...................................................1, 11, 14

**STATUTES**

28 U.S.C. § 1291............................................................................ 6
28 U.S.C. § 2071............................................................................ 7
D.C Code § 32-1503(a)....................................................................13
D.C Code § 2-534(a)(2) ...................................................................19

**RULES**

D.C. Cir. Rule 32(e)(1) ....................................................................21

D.C. Ct. App. R. 12(c) ..................................................................18
D.C. Ct. App. R. 15 ......................................................................18
D.C. Ct. App. R. 20 ......................................................................18
Fed. R. App. P. 32(a)(7)(A) ...................................................15, 21
Fed. R. App. P. 32(a)(5) ...............................................................21
Fed. R. App. P. 32(a)(6) ...............................................................21
Fed. R. App. P. 32(a)(7)(B) ..........................................................21
Fed. R. Civ. P. 41(a)(1)(i) ............................................................. 7
Fed. R. Civ. P. 41(a)(2) ................................................................ 7
Fed. R. Civ. P. 45(a)(3) ................................................................ 7
Fed. R. Civ. P. 5.2 .......................................................................16
Fed. R. Civ. P. 8 ..........................................................................14
Fed. R. Civ. P. 83 ........................................................................ 7

## OTHER AUTHORITIES

Black's Law Dictionary (11th ed. 2019) ....................................... 2
Restatement (Third) of Property (Wills & Don. Trans.) § 8.4 TD No 3 (2001) .....11
U.S. District Court for the District of Columbia, Civil Privacy Notice ..................16

## GLOSSARY OF ABBREVIATIONS

| | |
|---|---|
| **Aramark** | Together, Aramark Services, Inc. and Aramark Management Services Partnership Limited |
| **D.C. FOIA** | District of Columbia Freedom of Information Act of 1976, D.C. Code §§ 2-531-40 |
| **DOES** | The District of Columbia Department of Employment Services |
| **GWU or University** | The George Washington University |
| **PMA** | PMA Management Corporation |

**INTRODUCTION**

The questions are whether the District Court abused its discretion in, without applying *Hubbard*: (1) substantially denying Ms. Abdelhady's motion to seal her already sealed medical information in issue and (2) disregarding, and not resolving, the motion's half to seal non-public documents, including the eight exhibits filed in support of that part of the motion. *United States v. Hubbard,* 650 F.2d 293 (1980). These are "'question[s] of law reviewed de novo.'" *In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 349 (D.C. Cir. 2003)).

The George Washington University (GWU) filed a 31-page brief and a 212-page supplemental appendix, but only nominally answer the questions presented. JA013. The notable features of GWU's submission are omission, concession, and contradiction, all in service of distracting from material record facts and controlling law that GWU tries to refashion without transparently advocating for its change. The argument section below addresses GWU's more relevant contentions, as well as related concessions, contradictions, and omissions.

GWU's omissions and ancillary contentions not discussed in the argument below, are as follows:

1

*First*, GWU does not once directly discuss or even name the medical information in issue: ███████████████ and the like.

*Second,* the University disputes that it sowed confusion in the District Court by conflating medical information with generalized references to Ms. Abdelhady's accident and its circumstances but doubles down on that strategy. GWU Br. p. 15. GWU devotes some 15 pages of its "statement of the case" to detailing unredacted references in *irrelevant* documents to "information," like "visibly injured" "left arm," that GWU opines is "substantially similar" to the information it assiduously avoids, *e.g.*, ████████████████[1] GWU Br. p. 5-15. The University argues that Ms. Abdelhady waived her privacy interests in the medical information in issue by making unredacted references in her *sealed* and amended complaints at ECF No. 1, 5, and 13 to what GWU – and not any medical doctor, medical expert, court, or Ms. Abdelhady herself – has determined for the purpose of this appeal is "substantially similar" information. GWU Br. p. 5-15, 22.  Naturally, GWU cites

---

[1] GWU does not define "substantially similar," nor has Ms. Abdelhady located a single legal usage. One legal usage of "substantial similarity," in copyright law, is: "A strong resemblance between a copyrighted work and an alleged infringement, thereby creating an inference of unauthorized copying. The standard for substantial similarity is whether an ordinary person would conclude that the alleged infringement has appropriated nontrivial amounts of the copyrighted work's expressions." Black's Law Dictionary (11th ed. 2019).

no legal authority for its proposition that an unredacted reference to "apples" effectuates a *per se* waiver of a privacy interest in "oranges."

*Third*, in support of its "substantially similar"/waiver argument, GWU filed the supplemental appendix without making the "written request" required by Circuit Rule 30(e) or conferring with or notifying Ms. Abdelhady, despite months earlier agreeing to the joint appendix that includes documents GWU designated. The supplemental appendix is not properly before this Court. Circuit Rule 30(e). Moreover, it is irrelevant. The District Court reviewed only the redacted public complaint at ECF No. 14 to conclude that GWU's filings in issue contained only "stray references" to "details" that appeared without redaction in the Amended Complaint at ECF No. 14. JA013. The *sealed* and redacted complaints that GWU filed, that are at ECF No. 1, 5, and 13, are outside the scope of this appeal.

*Fourth*, GWU does not discuss that the medical information in issue was under seal before GWU filed it on the public docket, pursuant to the District Court's orders of June 10 and July 15, 2022. JA003-004. GWU also fails to discuss that the District Court placed its November 29, 2022 Memorandum Opinion under seal, and reissued a public version with redactions of Ms. Abdelhady's medical information, including ███████████ because that information was not relevant to the Memorandum Opinion granting GWU's motions for summary judgment and dismissal. JA261.

*Fifth*, GWU makes two "waiver" arguments that are also outside the scope of this appeal. First, the "substantially similar" waiver argument. And, second, the argument that Ms. Abdelhady "waived" her privacy interests because her original complaint was not sealed from May 14 to June 10, 2022. GWU Br. p. 14, 20, 27, 29. Again, GWU cites no authority for the "substantially similar" waiver argument, nor for the second. Both "waiver" arguments correspond to the minute orders of June 10, sealing Ms. Abdelhady's original complaint, and July 15, sealing the amended complaint filed the same day, and not to the order on appeal. JA003-004. GWU did not oppose Ms. Abdelhady's motions to seal her complaints, seek reconsideration of the District Court's June or July orders, or timely appeal from either order. It may not indirectly challenge them now. GWU's further attempts to sow confusion – by also conflating orders – should be disregarded.

*Sixth*, this Court's Order referring GWU's opposed motion to dismiss this appeal to the merits panel directs the parties "to address in their briefs the issues presented in the motions to dismiss rather than incorporate those arguments by reference." Order, Document #1986784 p. 1. GWU "incorporates by reference" its motion to dismiss and reply, and does not discuss them. GWU Br. p. 1. GWU's motions papers should nevertheless be revisited. In its reply, GWU claimed inaccurately, without record citation, that Ms. Abdelhady "placed" her medical information in issue "in the public sphere" and, in support of that non-record claim,

furnished this Court with an extra-record link to a blog post that medical

information in issue. GWU Reply, Document #1979496 p. 3-4 and n. 4. GWU

withheld from the Court that the source of the blog's information was the

Memorandum Opinion of November 29, 2022, that, again, was later placed under

seal. *Id.*; Appellant's Sur-Reply (lodged, motion to file denied), Document

#1979948 p. 3-9. GWU also inaccurately claimed that Ms. Abdelhady's efforts to

seal her medical information in the District Court, and previously, were all

"retroactive," and that she did not seek relief in the nature of a protective order.

GWU Reply, Document #1979496 p. 4. These claims, also made without record

support, were inaccurate. Appellant's Proposed Sur-Reply, Document #1979948 p.

5-8.

## SUMMARY OF ARGUMENT

This Court has jurisdiction under 28 U.S.C. § 1291, because the order on appeal merged with a "final decision" after this appeal was taken, or, under the collateral order doctrine. The District Court was required to "fully account for the various public and private interests at stake" under *Hubbard*, and abused its discretion by not doing so. *Metlife Inc., v. Fin. Stability Oversight Council*, 865 F.3d 661, 666 (D.C. Cir. 2017). GWU's claims otherwise are unpersuasive, including because GWU does not defend the minute order on appeal under the standard set forth by controlling cases. This Court should reverse the minute order on appeal, and grant other relief it deems just.

## ARGUMENT

### I.    This Court Has Jurisdiction Under 28 U.S.C. § 1291

GWU fails to distinguish between plaintiff-directed and court-ordered dismissals under Fed. R. Civ. P. 41 generally and in relation to appellate jurisdiction. GWU Br. p. 1-2 (replicating parenthetical references to Fed. R. Civ. P. 54 and *Blue v. District of Columbia Pub. Schs.*, 764 F. 3d 11(D.C. Cir. 2014) in this Court's May 5, 2023 Order to show cause in case no. 23-7001)).

On March 20, 2023, this District Court entered an order under Fed. R. Civ. P. 41(a)(2) dismissing Aramark Services, Inc. and Aramark Management Services

Partnership Limited (together "Aramark") from the action without prejudice and

directing the clerk to "close this case." JA011. That dismissal, "[b]y court order . . .

on terms deemed proper by the court" under Fed. R. Civ. P. 41(a)(2), "create[d] a

single, final disposition for appellate review." *Blue v. District of Columbia Pub.

Schs.*, 764 F. 3d 11, 16 (D.C. Cir. 2014) (party-controlled dismissal under Fed. R.

Civ. P. 41(a)(1)(A)(ii) did not create a single final disposition for appeal). *Accord

Robinson-Reeder v. American Council on Educ.*, 571 F.3d 1333, 1339 (2009)

(court-ordered dismissal under Rule 41(a)(2) creates a "final decision" but

dismissal by the plaintiff under Rule 41(a)(1)(A)(ii) does not).[2] With a "final

decision" now extant, this Court's jurisdiction "over that final decision extends as

---

[2] A court order was necessary to dismiss the Aramark entities because each filed an answer. Fed. R. Civ. P. 41(a)(1)(i) (a plaintiff may dismiss an action "without a court order by filing: (i) a notice of dismissal before the opposing party serves . . . answer"). The dismissal was unrelated to this or the second appeal from the District Court action. Ms. Abdelhady moved to dismiss Aramark to preserve her claims and autonomy that were jeopardized by the District Court's unwritten "practice" of refusing to issue subpoenas to *pro se* parties unless a request is submitted to and approved by the presiding judge. Pl. Mot. Dismiss ¶¶10-16, ECF No. 93. The District Court's "practice" is not published, was not promulgated by rulemaking, and contravenes Fed. R. Civ. P. 45(a)(3), under which "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it." 28 U.S.C. § 2071, Fed. R. Civ. P. 83 (authorizing lower federal court rulemaking only by public notice and comment and only if consistent with Acts of Congress and federal rules promulgated under 28 U.S.C. § 2072). The presiding judge did not act on Ms. Abdelhady's subpoena requests, and by that inaction rendered them non-viable. Pl. Mot. Dismiss ¶ 11, ECF No. 93. Rather than commit resources to another challenge to District Court events, Ms. Abdelhady chose to move for dismissal by court order, to preserve her claims and ability to press her claims without additional or continuing impairment.

well to the interlocutory rulings that preceded it," including September 26, 2022

minute order on appeal. *Ciralsky v. C.I.A.*, 355 F.3d 661, 668 (D.C. Cir. 2004)

(collecting authorities). Or, this Court has jurisdiction under the collateral order

doctrine. Br. p. 2-3, Appellant's Opp'n GWU Mot. Dismiss, Document #1978859.

## II.    The District Court Abused its Discretion

### A. GWU Concedes That the District Court Did Not Apply *Hubbard*

GWU argues that the District Court did not abuse its discretion, because it

was not required to "*explicitly*" apply *Hubbard*'s framework, but does not cite any

authority in which the qualifier "explicitly" is used. *Id.* at 2, 21, 24, 32. Nor does

GWU reconcile its qualifier with the "imperative that a district court articulate its

reasons for electing to seal or not to seal a record." *E.E.O.C. v. Nat'l Children's

Ctr., Inc.*, 98 F.3d 1406, 1410 (D.C. Cir. 1996). *Accord In re Los Angeles Times

Comms. LLC,* 28 F. 4th 292, 297 (2022); *Primas v. District of Columbia*, 719 F.3d

693, 699 (D.C. Cir. 2013) (both quoting *Nat'l Children's Ctr*).

GWU asserts "there is nothing to suggest that the District Court did not

consider the *Hubbard* factors simply because the District Court did not

affirmatively cite *Hubbard* in its Order," but does not identify which of the order's

eight lines support its claim. GWU Br. p. 17. Id. at 17. Contradicting itself, GWU

contends that Ms. Abdelhady's Motion to Seal failed to provide the District Court

with an actionable request such that it could explicitly articulate *Hubbard's* balancing analysis." *Id.* at 24-25 (no record citation).

In making the latter claim, GWU concedes, inadvertently, that the District Court did not apply *Hubbard* at all. The District Court could not have applied *Hubbard* – "explicitly" or otherwise – without an "actionable request." More problematically, GWU embeds in its argument an aberrant policy proposal: that a court, in deciding a motion to seal or unseal, abuses its discretion when it does so informedly, but does not abuse its discretion when it does so blindly. The proposition is anathema not only to this circuit's controlling cases, but also to the legitimate exercise of judicial discretion. The term "discretion," "[w]hen invoked as a guide to judicial action . . . means a sound discretion, that is to say, a discretion exercised not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." *Langnes v. Green*, 282 U.S. 531, 541 (1931).

GWU also disregards that the District Court stated that it "review[ed]" GWU's filings in issue, and compared them to the Amended Complaint at ECF No. 14. JA013. The District Court was not acting blindly, without an "actionable request," it had before it a motion comprising 42 pages with its memorandum and exhibits, and that half of which pertained to medical information with which the

9

District Court was intimately familiar. Min. Order, June 10, 2022, July 15, 2022, JA003-005; JAS101-43. Notably, GWU did not below argue that it did not understand Ms. Abdelhady's motion – GWU filed an opposition and, as it does now, assiduously avoided the medical information in issue by conflating it with what it now calls "substantially similar" information. JA230-31; GWU Br. p. 5-15.

B. *Hubbard* Does Not Reward the Unauthorized Public Filing of Documents

GWU argues that under *Hubbard*'s second factor counsels against sealing because "the documents at issue . . . have been on the public docket since September 7, 2022." GWU Br. 29-30. To be clear, the reference is to September 2, 2022, the date on which GWU filed the DOES documents on the public docket. *See* ECF No. 32, 33, JA005. *Hubbard*'s prior public access prong does not accommodate litigants like GWU, nor do other decisions. Previous access means "materials" were "formerly properly accessible on a limited basis through legitimate public channels" for "public use." *Hubbard*, 650 F.2d at 318. As the exhibits to Ms. Abdelhady's motion to seal showed, the public did not have previous access to the DOES documents under DOES policy and procedure, and did not have access to the same documents through the D.C. Court of Appeals, where the entire agency record and case were sealed. JAS107-09, 116-24. In *Hubbard,* previous public access did not encompass the district court's unsealing

10

order. *Id.* at 318-19. It must follow that GWU's unauthorized filing of the DOES documents is irrelevant to previous "legitimate" public access.[3] *Id.*

In its quest to profit from its unauthorized filing of the DOES documents, GWU concedes that the DOES documents were not "public" before it filed them on September 2, 2022, and lays bare the fallacy that the documents were not sealed in the D.C. Court of Appeals, GWU Br. p. 24, and that the documents were "'publicly filed documents readily available to all parties,'" and "'public records,'" Pl. Mot. Seal, JAS107-08 (quoting GWU Reply Mot. Dismiss, JA66, 73)). GWU is like the FEC in *In re Sealed Case*, in which a key question was whether the FEC had "authority to file the information" that the subjects of that information moved to seal. *In re Sealed Case*, 237 F. 3d 657, 666 (D.C. Cir. 2001). Answering no, this Court determined that the FEC's public filing "had to be overturned." *Metlife, Inc.*, 865 F.3d at 673.

### C. GWU Filed the DOES Documents for Improper Purposes

GWU's "statement of the case" presents as "fact" a number of points by which it telegraphs to this Court that Ms. Abdelhady, *inter alia*, unjustly sued

---

[3] Just as enrichment from wrongs is not tolerated in other areas, it should not be tolerated in relation to restricted documents and information. *E.g*., Restatement (Third) of Property (Wills & Don. Trans.) § 8.4 TD No 3 (2001) ("The rationale for the slayer rule is the prevention of unjust enrichment, in accord with the maxim that a wrongdoer cannot profit from his or her wrong.").

GWU after She "received workers' compensation benefits," refused to "provide certain documentation supporting aspects of her . . . claims," and made "objectively inaccurate assertions" in the District Court "regarding the status of her workers' compensation claim," including that "she was not an 'employee' of GWU at the time of her injuries." GWU Br. p. 3 (citing Mem. Op., JA261-62, 62; GWU Reply in Support of Mot. SJ, JAS00[6]-13; GWU Reply in Support of Mot. Dismiss, JAS067-71). The documents GWU cites in support of its "facts" are telling: they are the District Court's Memorandum Opinion, that does not exactly read as GWU suggests, and that generally disregarded Ms. Abdelhady's well-pleaded allegations and relied on GWU's factual claims improperly asserted in its motions to dismiss and for summary judgment, and the replies in support. *See,* e.g., Pl. Memo. Revise Order and Mem. Op., ECF No. 68-1.[4]  GWU's "facts" citations to its replies in support of its dispositive motions speak for themselves – GWU's improper factual claims in its replies were improper, and should not have been credited by the District Court under Fed. R. Civ. P. 12(b)(6) or 56.

GWU did, in fact, file the DOES documents in response to Ms. Abdelhady's affidavit in opposition to GWU's motion for partial summary judgment. Pl. Aff.,

---

[4] These points are in issue in the second appeal from the District Court (no. 23-7001). However, GWU's inaccurate claims must be addressed here, including because they are damaging to Ms. Abdelhady as a party and professionally.

ECF No. 26-5. But GWU's objective was not to refute the affidavit's contents, any of its 22 exhibits that substantiated each of her attestations. *Id.* GWU filed the DOES documents to avoid Ms. Abdelhady's affidavit and exhibits, by claiming that Ms. Abdelhady stated in the affidavit that she was not an employee of GWU on the date of her accident. *E.g.,* JA009-10. However, Ms. Abdelhady's affidavit stated, with support of GWU's business records that GWU did not dispute but avoided, described the facts of her accident related to her role at GWU as a Professorial Lecturer in Law, and argued, under D.C Code § 32-1503(a),[5] that she was not acting within the course and scope of her employment on the date of her accident. Pl. Aff., ECF No. 26-5 ¶¶7-17; Pl. Opp'n GWU Mot. SJ, ECF No. 26 p. 1, 9, 12-13, 16. The District Court, unfortunately, adopted GWU's mischaracterization of Ms. Abdelhady's affidavit, and deemed it a "sham affidavit" because, the District Court stated without citation to the affidavit, that it stated – without citation to the affidavit – that Ms. Abdelhady "not employed at all by GWU" when her accident occurred and contradicted a prior affidavit in the DOES. JA283-86.

---

[5] This section of the D.C. Workers' Compensation Act of 1979, D.C. Code §§ 32-1501-45, limits the Act's coverage to injuries that arise in the course and scope of employment in the District of Columbia.

GWU did not file the DOES documents to advance any legitimate argument or purpose contemplated by the Federal Rules of Civil Procedure or other law applicable to the relevant District Court proceedings. It filed the documents to *avoid* Ms. Abdelhady's evidence – including its business records – and to avoid discovery, and to substitute well-pleaded allegations for its version of "facts" set forth in Rule 12(b)(6) and Rule 56 motions, rather than in an answer as Fed. R. Civ. P. 8 required. To do these things, GWU utilized the District Court's public docket as a "'reservoir[e] of libelous statements'" and to harm Ms. Abdelhady as a party and professionally. *Hubbard*, 650 F. 2d at 315 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). GWU also, as it made plain in the District Court, filed the documents out of spite: because it was sued and because Ms. Abdelhady did not attempt to "place the entire case under seal" – *i.e.*, her allegations against GWU. JA230. GWU does not, in any case, demonstrate exactly how the DOES documents it filed were refuted Ms. Abdelhady's affidavit, or otherwise demonstrated any point that was in contention. And, it remains that the documents were not and are not publicly accessible, and GWU has not shown otherwise here or in the District Court.

### D. GWU's "Medical Records" Argument Contradicts the Minute Order

GWU contends that the District Court "correctly concludes that the information appellants seeks to have placed under seal are not medical records and

was information that was previously disclosed in Ms. Abdelhady's own – publicly filed – pleadings." GWU Br. p. 20. GWU mischaracterizes the minute order by disregarding half of it. The District Court sealed GWU's exhibit at ECF No. 32-10, because "[t]hat exhibit contains the names of doctors who treated the Plaintiff for her injuries." JA013. ECF No. 32-10 is not a medical record, it is a joint pre-hearing statement generated in the DOES. GWU does not respond to Ms. Abdelhady's argument that this circuit recognizes privacy interests not just in "medical records," but also in documents describing medical information. Br. p. 18-19 (quoting *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) and *Gardner v. Saul*, 1:20-CV-02983, 2020 WL 12969217, at *2 (D.D.C. Oct. 16, 2020)). *Compare* GWU Reply, Document #1979496 p. 6 ("*Hardaway* [843 F.3d at 98-81] is distinguishable if for no other reason than it related specifically to medical records.").

### E.  Fed. R. Civ. P. 5.2 is Irrelevant

Fed. R. Civ. P. 5.2 is GWU's most frequently cited authority, discussed 17 times in its brief. GWU Br. p. 17, 21, 23, 25-27. Implicitly acknowledging that Rule 5.2 is inapt, GWU paves its way to the rule by stating that "Ms. Abdelhady argues that her protected health information should be sealed based upon the

District Court's Civil Privacy Notice, which is based on Fed. R. Civ. P. 5.2." [6]

GWU Br. p. 21. This is incorrect. Ms. Abdelhady argues here, and argued below,

that GWU disregarded the Civil Privacy Notice by filing her medical information

on the public docket, and that the same Notice recognizes medical privacy.

Appellant's Br. p. 6, 7, 15, 17; JAS107, 110, 112. Bundling the Civil Privacy

Notice and Rule 5.2, GWU contends that the Civil Privacy Notice "requires

redaction of," *e.g.*, SSNs and taxpayer IDs and that the District Court "properly

determined there was no such unredacted information" in GWU's filings in issue.

GWU Br. p. 21-22.  The District Court's minute order does not refer to Rule 5.2,

the Civil Privacy Notice, or any personal identifier enumerated at Fed. R. Civ. P.

5.2(a). JA013. GWU's discussion of Rule 5.2 mischaracterizes the minute order on

appeal and distracts from the issues and material facts before this Court.

---

[6] GWU does not explain its statement that the Civil Privacy Notice is based on
Rule 5.2. The Civil Privacy Notice and Fed. R. Civ. P. 5.2 implement the E-
Government Act of 2002 in relation to personal data identifiers, such as social
security numbers. *See* Civil Privacy Notice, available at
https://www.dcd.uscourts.gov/civil-privacy-notice (last accessed June 24, 2023);
*B.L. Through Lax v. Dist. of Columbia*, 517 F. Supp. 2d 57, 59 (D.D.C. 2007)
("The court has altered the caption from that adopted by the parties and reminds
counsel of their responsibility to adhere to the privacy requirements regarding
minors set forth in the E–Government Act of 2002, Pub.L. 107–347, 116 Stat.
2899 (Dec. 17, 2002), as implemented by this court's Notice Regarding Privacy
and Public Access to Electronic Civil Case Files,
http://www.dcd.uscourts.gov/civil-privacy.pdf."); Fed. R. Civ. P. 5.2, Advisory
Cmte. Notes (2007 adoption) ("The rule is adopted in compliance with section
205(c)(3) of the E-Government Act of 2002, Public Law 107-347"0.

F. GWU's New Arguments About the Non-Public Documents are Legally and Factually Wrong

GWU newly casts doubt on whether the D.C. Court of Appeals case was sealed, stating: "[w]hile Ms. Abdelhady has asserted the D.C. Court of Appeals sealed her appeal, the record does not include the relevant request, order, or other information." GWU Br. 24. GWU did not make this argument in the District Court, but it is notable for other reasons. GWU intervened in the D.C. Court of Appeals, and is aware that the case and the agency record were sealed, as Ms. Abdelhady's motion to seal in the District Court showed. JAS124. The D.C. Court of Appeals' order sealing the agency record is attached here at *Exhibit A*, in response to GWU's suggestion that such an order does not exist.

GWU also newly argues that D.C. Court of Appeals Rule 12, applicable to sealing, "on its face, does not appear applicable to her appeal." GWU Br. p. 24. Rule 12 was inapplicable to the DCCA case, but not, as GWU claims, because the rule "refers to sealing the record in cases related to minors and in cases where the record was sealed in Superior Court." GWU Br. p. 24 (and parenthetically partially quoting DCCA Rule 12(c)).[7] The DCCA case was initiated under Rule 15,

---

[7] The first sentence of Rule 12(c), that GWU partially quotes, reads: "An appeal in which the record has been *ordered sealed by this court* or an appeal relating to (1) juvenile, (2) adoption, (3) parentage, or (4) neglect proceedings will be reflected on the public docket by the initials of the parties and the case number of the Superior Court." D.C. Ct. App. R. 12(c) (emphasis added).

governing "review of agency orders." D.C. Ct. App. R. 15, DCCA Rule 12 did not apply to "review of agency orders," and was inapplicable to the petition for review for that reason. D.C. Ct. App. R. 20. ("With the exception of [DCCA] Rules 3 through 12, all pertinent provisions of these rules apply to the review of agency orders.").

Finally, GWU argues now, but did not in the District Court, that the DOES documents are public under the District of Columbia Freedom of Information Act of 1976 ("D.C. FOIA") because the DOES is obligated generally to disclose ''full and complete''' information in response to FOIA requests. GWU Br. p. 22-23 (quoting *Vining v. Council of Dist. of Columbia*, 140 A.3d 439, 445 (D.C. 2016)), and to publish, *e.g.*, "orders made in the adjudication of cases," *id.* at 23 (quoting but not discussing D.C. Code § 2-535(a)(3)). *Vining* involved the D.C. Council's invocations of D.C. FOIA exemptions particular to the D.C. Council as a legislative body. *Vining*, 140 A.3d 440. GWU's cursory claims and citations regarding the D.C. FOIA are inadequate to notify this Court, or Ms. Abdelhady, of that statute's relevance. Moreover, GWU omits discussion of the D.C. FOIA's exemptions, including against disclosure of "[i]nformation of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy." D.C. Code § 2-534(a)(2).

The bottom line is that if GWU had evidence that the DOES documents were publicly accessible through the DOES or the D.C. Court of Appeals, or otherwise, it would have produced that evidence in the District Court, and easily filed, *e.g.*, public copies of the documents, or otherwise demonstrated their public status. GWU did not do so, because the documents are not public. Nor did GWU refute or address Ms. Abdelhady's motion and exhibits showing persuasively otherwise. The District Court disregarded that part of the motion to seal, and in doing so abused its discretion. Even if GWU's new arguments are entertained, they do not support a different conclusion.

## CONCLUSION

This Court should reverse the District Court's order on appeal and enter an order directing the District Court to place the information and documents in issue under seal. Alternatively, this Court should remand the record, but not dismiss this appeal, so that the District Court may explain its reasons for substantially denying Ms. Abdelhady's motion, and do so with specificity and under *Hubbard*.

19

Dated: June 26, 2023

Respectfully submitted,

_/s/ Hdeel Abdelhady_

Hdeel Abdelhady
D.C. Bar No. 483559
1717 Pennsylvania Ave., NW, #1025
Washington, D.C. 20006
(202) 630-2512
habdelhady@mapopllc.com
*Appellant*

20

## CERTIFICATE OF COMPLIANCE

1.  Appellant's reply brief complies with the page limitation Fed. R. App. P. 32(a)(7)(A) and complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because it contains 5,401 words, excluding those sections set forth in D.C. Cir. Rule 32(e)(1).

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 14-point Times New Roman font.

Dated: June 26, 2023

/s/ Hdeel Abdelhady

Hdeel Abdelhady

*Appellant*

# CERTIFICATE OF SERVICE

I certify that on June 27, 2023, I electronically filed and served a copy of

the foregoing paper on the following persons,

Gerard. J. Emig, Esq.
Gleason, Flynn, Emig, & McAffee, Chartered
11 North Washington Street, Suite 400
Rockville, MD 20850
*Counsel for The George Washington University*

Robert P. Scanlon, Esq.
Anderson & Quinn, LLC
Adams Law Center
25 Wood Lane
Rockville, MD 20850
*Counsel for Aramark Services, Inc. and*
*Aramark Management Services Limited Partnership*

Samuel J. DeBlasis, II, Esq.
DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP
17251 Melford Boulevard, Suite 200
Bowie, MD 20715
*Counsel for PMA Management Corporation*


/s/ Hdeel Abdelhady
Hdeel Abdelhady
*Appellant-Ms. Abdelhady*

**Material Under Seal Deleted**

**Material Under Seal Deleted**