ORAL ARGUMENT IS NOT YET SCHEDULED

No. 22-7148

---

## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

HDEEL ABDELHADY,

Appellant,

v.

THE GEORGE WASHINGTON UNIVERSITY, ET AL.,

Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA
(No. 1:22-cv-1334-TNM (McFadden, J.))

---

## BRIEF FOR APPELLEE
## PUBLIC COPY – SEALED MATERIAL DELETED

---

Gerard J. Emig, Esq. #43778
Gleason, Flynn, Emig & McAfee, Chtd.
11 North Washington Street, Suite 400
Rockville, MD  20850
gemig@gleason-law.com
(301) 294-2110 (telephone)
***For Appellee George Washington
University***

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to Federal Rule of Appellate Procedure 28 and D.C. Circuit Rule 28(a)(1), Appellee The George Washington University (GWU) herby certifies:

### 1.      PARTIES AND AMICI

Appellant Ms. Hdeel Abdelhady was the plaintiff below and is the appellant before this Court. GWU was a defendant below and is the appellee before this Court. PMA Management Corporation (PMA) was a defendant below. Aramark Services, Inc. and Aramark Management Services Partnership Limited were defendants below. There were no amici below, and there are no amici before this Court.

### 2.      RULINGS UNDER REVIEW

The ruling under review is a Minute Order issued on September 26, 2022, from the Honorable Trevor N. McFadden of the United States District Court for the District of Columbia. The ruling is reproduced on pages 19-29 of the foregoing brief and at JA013. There is no official citation to the ruling, however, it may be found electronically through online databases.

### 3.      RELATED CASES

This case was never previously before this Court. The case from which the appeal is taken is *Hdeel Abdelhady v. George Washington University, et al.*, No. 1:22-cv-01334-TNM (TNM) (D.D.C. May 14, 2022). Pursuant to a March 20, 2023, Minute Order the court below granted Ms. Abdelhady's request to dismiss the

District Court action against the remaining Aramark defendants, without prejudice. *See id.* at ECF No. 93.

**Appeal No. 23-7001:** Appellant seeks further review of the District Court's rulings in *Hdeel Abdelhady v. George Washington University, et al.*, No. 1:22-cv-01334-TNM (TNM) (D.D.C. May 14, 2022). Appellant's Notice of Appeal at ECF No. 71 has been amended twice to include in the scope of review: 1) the District Court's February 22, 2023, Memorandum Order at ECF No. 89; and 2) March 20, 2023, Minute Order denying as moot Appellant's request for subpoenas and granting Appellant's motion to voluntarily dismiss the Aramark Defendants. *See* ECF Nos. 91 and 95.

## TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS UNDER REVIEW, AND RELATED CASES ............................................................................. ii

TABLE OF CONTENTS ............................................................................. iii

TABLE OF AUTHORITIES ........................................................................ iv

GLOSSARY OF ABBREVIATIONS ......................................................... viii

JURISDICTIONAL STATEMENT ................................................................ 1

STATUTES AND REGULATIONS ............................................................... 2

STATEMENT OF THE ISSUES ................................................................... 2

STATEMENT OF THE CASE ...................................................................... 3

    A.    Posture of Appellant's Administrative and District Court Claims Against GWU ......................................................................... 4

    B.    Appellant's Motion to Seal .......................................................... 5

SUMMARY OF ARGUMENT ..................................................................... 15

STANDARD OF REVIEW ....................................................................17

ARGUMENT .......................................................................................18

    A. The District Court did not abuse its discretion in substantially denying Appellant's Motion to Seal based on Appellant's failure to identify information she believed constituted "protected health information" with sufficient specificity.........................................................................18

    B. GWU did not publish Appellant's protected health information and Appellant waived the protection of Rule 5.2(a) by filing the information without redaction and not under seal............................................25

    C. Even if this Court determines the District Court failed to apply Hubbard or articulate its reasoning with sufficient specificity, this Court can weigh the Hubbard factors and remand is unnecessary ................................27

CONCLUSION ....................................................................................32

CERTIFICATE OF COMPLIANCE....................................................33

CERTIFICATE OF SERVICE ............................................................34

## TABLE OF AUTHORITIES

**Cases**

*Abdelhady v. D.C. Dep't of Emp't Servs.,*
No. 20-AA-176 (D.C. Feb. 22, 2022) ......................................................4

*Abdelhady v. Geo. Wash. Univ.,*
No. 22-cv-1334, 2022 WL 17364618 (D.D.C. Dec. 1, 2022) ............4, 21

*Blue v. District of Columbia Pub. Schs.,*
764 F.3d 11 (D.C. Cir. 2014) .................................................................2

*Colbert v. Potter,*
471 F.3d 158 (D.C. Cir. 2006)................................................................2

*Consol. Edison Co. of N.Y. v. FERC*,

510 F.3d 333 (D.C. Cir. 2007) ......................................................30, 31

*Davis v. Pension Ben. Guar. Corp*.,

734 F.3d 1161 (D.C. Cir. 2013) ...........................................................30

*DRC, Inc. v. Republic of Honduras*,

No. 10-cv-3, 2011 WL 13257869 (D.D.C. Aug. 22, 2011)..................30

*EEOC v. Nat'l Children's Ctr.*,

98 F.3d 1406 (D.C. Cir. 1996)...........................................17, 18, 19, 20

*Guttenberg v. Emery*,

26 F. Supp. 3d 88 (D.D.C. 2014) ...................................................30, 31

*Hardaway v. District of Columbia Housing Authority*,

843 F.3d 973 (D.C. Cir. 2016).......................................................19, 27

*Grynberg v. BP P.L.C.,*

205 F. Supp. 3d 1 (D.D.C. 2016)..........................................................23

*Johnson v. Greater Se. Cmty. Hosp. Corp.*,

951 F.2d 1268 (D.C. Cir. 1991)..............................................18, 19, 28

*Joy v. North*,

692 F.2d 880 (2d Cir. 1982) .................................................................23

*Leopold v. United States*,

964 F.3d 1121 (D.C. Cir. 2020)......................................................18, 20

*In re McCormick & Co., Inc., Pepper Prod. Mktg. & Sales Pracs. Litig*.,

316 F. Supp. 3d 45 (D.D.C. 2018).......................................................23

*In re Fort Totten Metrorail Cases*,

960 F. Supp. 2d 2 (D.D.C. 2013)..........................................................25

*In re McCormick & Co., Inc., Pepper Prod. Mktg. & Sales Pracs. Litig*.,

316 F. Supp. 3d 455 (D.D.C. 2018)................................................23, 24

v

*Metlife, Inc. v. Fin. Stability Oversight Council*,

865 F.3d 661 (D.C. Cir. 2017)............................................................18, 19, 20, 28

*Nixon v. Warner Commc'ns*,

435 U.S. 589 (1978)............................................................................................29

*Press-Enter. Co. v. Superior Ct. of California, Riverside Cnty.*,

464 U.S. 501 (1984) ...........................................................................................24

*Primas v. District of Columbia*,

719 F.3d 693 (D.C. Cir. 2013) ...........................................................................19

*TIG Ins. Co. v. Firemen's Ins. Co. of Washington, D.C.*,

718 F. Supp. 2d 90 (D.D.C. 2010) .....................................................................25

*United States v. All Assets Held at Bank Julius Baer & Co.*,

520 F. Supp. 3d 71 (D.D.C. 2020) .....................................................................30

*United States ex rel. Durham v. Prospect Waterproofing, Inc.*,

818 F. Supp. 2d 64 (D.D.C. 2011 .......................................................................30

*United States v. Hubbard*,

650 F.2d 293 (D.C. Cir. 1980)........................................... 2, 17, 18, 19, 28, 31, 31

*United States v. Munchel*,

567 F. Supp. 3d 9 (D.D.C. 2021).......................................................................30

*See United States v. El-Sayegh*,

131 F.3d 158 (D.C. Cir. 1997)............................................................................18

*United States v. Kravetz*,

706 F.3d 47 (1st Cir. 2013).................................................................28, 29, 30

*Vining v. Council of D.C.*,

140 A.3d 439, 445 (D.C. 2016) ..........................................................................23

**Statutes**

28 U.S.C. § 1331 .................................................................................... 1

28 U.S.C. § 1332 .................................................................................... 1

D.C. Code § 2-531 ............................................................................... 23

D.C. Code § 2-532 ............................................................................... 23

D.C. Code § 2-536(a)(3) ...................................................................... 23

D.C. Code § 32-1501 ............................................................................. 3

**Rules**

Fed. R. Civ. P. 5.2 ................................................... 17, 21, 23, 25, 26, 27

LCvR 5.4(f) ...................................................................................21, 26

LCvR 7(m) ......................................................................................9, 26

**Other Authority**

United States District Court for the District of Columbia
Civil Privacy Notice.......................................................................17, 21, 26

## RULE 26.1 DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1 Appellee The George Washington University makes the following disclosure: The George Washington University is a Congressionally chartered institution with no parent companies, subsidiaries or affiliates which have outstanding securities in the hands of the public.

## GLOSSARY OF ABBREVIATIONS

**ALJ**           Administrative Law Judge

**DOES**        The District of Columbia Department of Employment Services

**FOIA**         Freedom of Information Act

**GWU**         The George Washington University

**JA**            Joint Appendix

**JAS**          Joint Appendix Under Seal

**SA**            Appellee's Supplemental Appendix Under Seal

**Opening Br.**    Appellant's Opening Brief

**PMA**         PMA Management Corporation

## JURISDICTIONAL STATEMENT

Ms. Abdelhady filed suit against GWU, PMA, and Aramark in May 2022. JA001. Her Complaint included a wide range of claims, including common law negligence and violations of federal racketeering and civil rights laws. *See* JA260-291. Based on Ms. Abdelhady Complaint and Amended Complaint, the District Court had diversity and federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.

GWU and PMA were dismissed from the District Court action in November 2022, pursuant to the District Court's November 29, 2022, Memorandum Order. *See* JA260-291 (*Abdelhady v. Geo. Wash. Univ.*, No. 22-cv-1334, 2022 WL 17364618, at *16 (D.D.C. Dec. 1, 2022)).[1] Ms. Abdelhady filed the present appeal in October 2022. *See* JA008 at ECF No. 57. )). For the reasons articulated in GWU's Motion to Dismiss [#1977309] and Reply [#1979496], and incorporated by reference herein, GWU maintains its position that this Court does not have jurisdiction over the present appeal. *See* Fed. R. Civ. P. 54(b) (order adjudicating fewer than all claims of fewer than all parties is not final absent District Court direction of entry of final judgment and determination that there is no just reason for delay in entry of judgment).

---

[1] This Order from the district court is one of several included within the putative scope of Appeal No. 23-7001.

1

In March 2023, Ms. Abdelhady voluntarily, and without prejudice, dismissed her claims against the only remaining defendants, the Aramark defendants. *See* JA011 at March 20, 2023, Minute Order (entering dismissal pursuant to Fed. R. Civ. P. 41(a)(2). Based on this Court's May 5, 2023, Order to show cause in USCA Case #23-7001, and because no final and appealable judgment has been entered in the court below, this Court does not have jurisdiction over the present appeal. *See Blue v. District of Columbia Pub. Schs.*, 764 F.3d 11, 17–18 (D.C. Cir. 2014) (observing that this "circuit treats voluntary but non-prejudicial dismissals of remaining claims as generally insufficient to render final and appealable a prior order disposing of only part of the case")).

## STATUTES AND REGULATIONS

No statutes or regulations are controlled or were before the District Court.

## STATEMENT OF ISSUES

I.     Whether the District Court abused its discretion in substantially denying Ms. Abdelhady's motion to seal documents and in not explicitly applying the six-factor test set forth in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980).

2

## STATEMENT OF THE CASE

**A.    Posture of Appellant's Administrative and District Court Claims Against GWU.**

Ms. Hdeel Abdelhady is an attorney licensed to practice in the District of Columbia and part-time instructor at The George Washington University Law School. *See* JA260. In May 2019, Ms. Abdelhady attended an appreciation luncheon for adjunct faculty on GW's campus. *See* JA261. As she was leaving the luncheon, Ms. Abdelhady fell in a stairwell, sustaining injuries. *Id.* After her fall, Ms. Abdelhady sought treatment for her injuries. *Id.*  Ms. Abdelhady filed a claim for worker's compensation benefits with the Department of Employment Services ("DOES") pursuant to the  D.C. Worker's Compensation Act, D.C. Code § 32-1501, *et seq*. *See id.* Initially, Ms. Abdelhady forwarded bills for her medical treatment to her employer, GWU, and PMA, GWU's third-party insurance administrator. *Id.* Ms. Abdelhady received worker's compensation benefits for lost wages and medical treatment. A dispute eventually arose when Ms. Abdelhady failed to provide  certain documentation supporting aspects of her wage and medical treatment claims, including her medical records. JA261-262. As a result of this dispute, Ms. Abdelhady—proceeding *pro se* throughout the administrative action—requested a Formal Hearing to adjudicate her claims against GWU and PMA. *See* JA262.

During the prehearing discovery phase further discovery disputes arose, and the presiding administrative law judge ("ALJ") eventually issued, at GWU's and

3

PMA's request, subpoenas for Ms. Abdelhady's medical records. *Id.* Ms. Abdelhady refused to respond to the discovery requests, and the ALJ dismissed Ms. Abdelhady's workers' compensation case without prejudice without a Formal Hearing as a result of Ms. Abdelhady's discovery failures. *Id.*

Ms. Abdelhady petitioned for review of the ALJ's rulings with the D.C. Court of Appeals. *Id.* The Court of Appeals action was dismissed for failure to exhaust administrative remedies. JA263 (referencing *Abdelhady v. D.C. Dep't of Emp't Servs.*, No. 20-AA-176 (D.C. Feb. 22, 2022).

Ms. Abdelhady then initiated an action in the District Court alleging ten counts against GWU, including negligence, 18 USC § 1964, the RICO Act, negligent infliction of emotional distress, fraudulent misrepresentation, fraud, negligence *per se*, gross negligence, tortious inducement of breach of fiduciary duty, abuse of process, and violation of her rights under 42 U.S.C. § 1983. *See generally* JA260-291. GWU and PMA moved for dismissal and summary judgment, which was ultimately granted. *See Abdelhady v. Geo. Wash. Univ.*, No. 22-cv-1334, 2022 WL 17364618, at *16 (D.D.C. Dec. 1, 2022). GWU's replies in support of its motions to dismiss and for summary judgment and certain exhibits to those filings are the documents primarily at issue in this appeal. *See* Opening Br. 5.

4

**B.    Appellant's Motion to Seal.**

On May 14, 2022, Ms. Abdelhady filed the above-referenced Complaint including claims for personal injury. *See* JA002. The Complaint was filed without redaction and not under seal. In her Complaint, Ms. Abdelhady describes her workers' compensation proceedings and alleged injuries, treating providers, treatment, and disability in explicit detail. *See* SA001-056.[2] Approximately one month later, on June 10, 2022, Ms. Abdelhady sought to seal the Complaint. *See* JA003.

Ms. Abdelhady's sealed Complaint still appears to include unredacted references that are substantially similar to information she asserts is her "protected health information," including alleged injuries, treatment, disability, and the name of several medical facilities where she received treatment. *See* SA157-214.



- ██████████████████████████████████████████
  ████████████████████████ *See* SA160 at ¶ 12.

- ██████████████████████████████████████████ *See id.* at ¶ 14.

- ██████████████████████████████████████████
  ████████████████████████████████████████
  *Id.* at ¶ 16.

- ██████████████████████████████████████████
  ████████████████████████████████████████
  ████████████████████████████████████████
  ████████████████████████████████████████

_____

[2] Citations to Appellee's Supplement Appendix are to "SA."



■ ███████████████████████████████ SA163 at
¶ 33.

- ██████████████████████████████
  ██████████████████████████████
  ████████████████ SA167 at ¶ 51.

- ██████████████████████████████
  ██████████████████████████████
  ██████████████████████████████
  ██████████ SA172 at ¶ 81.

- ██████████████████████████████
  ██████████████████████████████
  ████████████ SA175 at ¶ 97.

In July 2022, Ms. Abdelhady filed an Amended Complaint under seal. *See*
JA003. The Amended Complaint included the same factual allegations and explicit
descriptions of Ms. Abdelhady's injuries and treatment with redactions of certain
portions. *See* SA057-124; *see also* SA001-056. Despite the redactions, Ms.
Abdelhady's sealed Amended Complaint still appears to include unredacted
references substantially similar to information she asserts is her "protected health
information," including alleged injuries, treatment, disability, and the name of
several medical facilities where she received treatment. *See* JA018-088.

- "Ms. Abdelhady appeared with visible injuries to her face."

- "They observed and documented a massive hematoma on Ms.
  Abdelhady's forehead, and other then-visible injuries."

6

- "Ms. Abdelhady's left arm was visibly injured."

- "Ms. Adelhady's belongings were stained with her blood."

- "As her law professor colleague later put it, Ms. Abdelhady was 'dazed.'"

- "GWU law school personnel called GWU's emergency medical response unit . . . ."

- "Ms. Abdelhady applied paper towels to her nose and mouth while waiting for Emerg, to staunch the bleeding."

*See* JA025.

- "Subsequent to the incident in question, Plaintiff sought medical care and continues to this day to treat for the medical injuries that she sustained . . . ."

- "Emerg personnel advised Ms. Abdelhady to not attempt to exit the law school on her own power, placed her in a stretcher, and transported her by ambulance to GWU's namesake hosptial, The George Washington University Hospital (GWUH), for emergency evaluation and treatment."

*See* JA026.

- "Ms. Abdelhady did not resume her law practice for an extended period, and she did not return to teaching at GWU for over eight months. Ms. Abdelhady was forced to pass on other teaching and law practice opportunities. Ms. Abdelhady was not able to carry out personal obligations at home and to family."

*See* JA032.

- "Ms. Wright requested that Ms. Abdelhady transmit . . . her GWU Hospital emergency room discharge papers . . . ."

*See* JA039.

7

 "[A]nd indicated to Ms. Moreau again that her teeth had been damaged . . . ."

*See* JA040.

"GW MFA" [3]

*See* JA057.

- "In the eight months after May 15, 2019, Ms. Abdelhady was nearly a full-time outpatient, seeing multiple specialists for medical treatment."

*See* JA074. Ms. Abdelhady's Amended Complaint also refers to at least one purported GWU employee, not a participant in this lawsuit, including sufficient information that the employee could be identified and referencing their medical diagnoses and treatment.

- "Ms. Abdelhady was not the only GWU employee to fall down the subject stairs in the law school building. A few years earlier, a long-time GWU employee, "RJ," fell down the stairs in the law school building. That accident caused RJ to undergo surgery and physical therapy, and to miss some eight months of work."

JA037; *see also* JA073.

In response to Ms. Abdelhady's Amended Complaint, GWU filed several dispositive motions, including a Motion to Dismiss and Motion for Partial Summary Judgment. *See* JA004 at ECF Nos. 17, 18. Ms. Abdelhady opposed GWU's motions;

---

[3] "GW MFA" stands for ████████████████████████████, a separate 501(c)(3) clinical medical practice group.

however, her opposition made arguments and factual assertions that directly contradicted positions and statements she had made in her workers' compensation proceedings. *See* JAS005-013 (regarding Ms. Abdelhady's assertion, *inter alia*, she was not an 'employee' of GWU at the time of her injuries); *see also* JAS067-071. In response to Ms. Abdelhady's objectively inaccurate assertions regarding the status of her workers' compensation claim, GWU attached relevant documentation to its replies from the proceeding confirming that Ms. Abdelhady had, indeed, made a workers' compensation claim with respect to her employment with GWU and received benefits. *See generally* JAS018-062 and JAS083-095. Ms. Abdelhady subsequently moved to seal GWU's filings containing what she categorized as "medical information and non-public documents." *See* JAS100-111; *see also* JA237-253.

Ms. Abdelhady's Motion to Seal[4] argued that GWU impermissibly disclosed her "protected" or "privileged health information" and administrative filings and rulings that she asserted are "non-public" and should be restricted. *See* JA100-111. In her Opening Brief, Ms. Abdelhady provides a bulleted list describing the documents and information that she argues should be restricted and that she believes

---

[4] On September 14, 2022, Ms. Abdelhady's initial Motion to Seal was denied by the District Court as it did not comply with LCvR 7(m). On September 16, 2022, Ms. Abdelhady filed a Renewed Motion to Seal Replies in Support of Motions to Dismiss and for Summary Judgment and Exhibits. *See* JA006.

was not addressed by the District Court in its ruling. *See* Opening Br. 9-11. Ms.

Abdelhady did not provide this same detailed description of the documents and

information at issue to the District Court in her Motion to Seal. *See generally* JAS96-

113. Instead, Ms. Abdelhady provided a very general listing and description of the

information she sought to seal consisting primarily of descriptions such as

███████████████████████████████████████████████

███████████████████████████████████ *See* JAS 101-103.

Upon a review of the specific documents listed on Ms. Abdelhady's chart at JAS101-

103 it is not readily apparent what specific information Ms. Abdelhady believes

constitutes protected health information. In her Reply to GWU's Opposition to her

Motion to Seal before the District Court, Ms. Abdelhady somewhat clarifies that the

objectionable information includes:

> Some of the same information, in addition to disclosures of names of
> GWU's handpicked specialist "independent medical exam" (IME)
> providers, appear in GWU's exhibits. E.g., ECF 17-1 at 2-3 (discussing
> medical conditions); ECF 32-8 (containing names of specialist IME
> providers and therefore Plaintiff's medical examinations and potential
> underlying conditions ascertainable from IME providers' specialties);
> 32-4 at p. 1 (containing reference to specific medical condition and
> "course of therapy"). See also Pl. Mot. at 2-4 (listing GWU's filings in
> issue and reasons for restricting public access).

JA245. However, a review of GWU's Motion to Dismiss (Memorandum) at ECF

17-1 demonstrates Ms. Abdelhady's lack of specificity in identifying her protected

health information. *See generally* SA125-157. Ms. Abdelhady's Reply subsequently

clarified that pages 2-3 of the nearly thirty-page document contain objectionable

material. JA245. However, pages 2-3 of ECF 17-1 are simply GWU's recitation of

the counts alleged in the Amended Complaint, including alleged injury at the end of

each count. *See generally* SA126-127.

Count II (Violation of 18 USC § 1964) seeks to hold GW liable for ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████

SA0126 (internal citations omitted).

Count III (Negligent Infliction of Emotional Distress) seeks to hold GW liable for ██████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████

*Id.* (internal citations omitted).

Count IV (Fraudulent Misrepresentation) seeks to hold GW liable for ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████

11

█████████████████████████████████████████████████

███████████████

*Id.* (internal citations omitted).

    Count V (Fraud) seeks to hold GW liable for 

SA126-127 (internal citations omitted).

    Count VI (Negligence Per Se) also seeks to hold GW liable for 

SA127 (internal citations omitted).

    Count VII (Gross Negligence) seeks to hold GW liable for █████████

██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
███████████████████████

*Id.* (internal citations omitted).

    During the course of the District Court litigation, Ms. Abdelhady filed various

documents with redactions or under seal with either the consent of, or no objection

by, GWU or other defendants. Comparing the language and specificity used between Ms. Abdelhady's Motion to Seal and that used in her Opening Brief, it is clear that she did not provide the District Court with the same coherent request upon which the District Court could rule. The information Ms. Abdelhady asked the District Court to seal was not defined or specifically identified. Using Ms. Abdelhady's Amended Complaint as a point of reference, the information she placed under seal ranged from the names of specific medical providers and their diagnoses to generic references to her claims in the Amended Complaint,

- *See* JA079 and SA 115 at ¶ 315, redacting ██████████████

- *See* JA080 and SA 116 at ¶¶ 321-322, redacting ████████████
██████████████████████████████
██████████████████████████████
████████████

- *See* JA081 and SA117 at ¶ 330, redacting █████████████
████████████████████████  ████████████
██████████████████

- *See* JA082 and SA118 at ¶ 331, redacting ████████████
██████████████████████████████
████████████████

- *See id.* at ¶¶ 337-338 redacting █████████████████
██████████████████████████████
██████████████████████████████
████████████████████

- *See* JA083 and SA119 at ¶ 348, redacting 

- *See* JA084 and SA120 at ¶ 349, redacting

Ms. Abdelhady left a variety of similar generic references and claims unredacted in her Amended Complaint.

- *See* JA075 unredacted "Furthermore, as direct and proximate result of the alleged negligence, Plaintiff suffered and shall continue to suffer pain of the body and mind, anxiety, anguish, discomfort, distress, inconvenience, and other non-economic damages, and incurred and shall continue to incur medical and out-of-pocket expenses, as well as past and future lost time and wages and economic opportunity from her employment.

- JA079 "loss and future lost wages and economic opportunity, out of pocket losses for medical equipment and home modifications, and other such damages."

- JA080 "Plaintiff has suffered and will continue to suffer non-economic damages in the form of mental anguish, emotional pain and suffering, physical pain and suffering, loss of society, companionship, inconvenience, physical impairment, disfigurement, comfort, and all other such forms as recoverable under the law."

- JA80: "Plaintiff has and continues to suffer from severe emotional distress."

It is also important to reiterate that these details of Ms. Abdelhady's injuries, treatment, medical providers, and claims set forth in her Amended Complaint were initially publicly filed in her original Complaint. *See* SA001-056.

14

Ms. Abdelhady's Opening Brief specifically articulates that "[t]he medical information in issue comprises references to Ms. Abdelhady's medical diagnoses and conditions, treatment, and medical provider names . . ." and accuses GWU of "conflat[ing] medical diagnoses and other sealed details in issue with references in Ms. Abdelhady's redacted amended complaint to the occurrence and mechanism of Ms. Abdelhady's accident and generalized references [sic] some injuries . . . ." Opening Br. 4. However, while Ms. Abdelhady's Brief may now clarify or identify with some specificity what she considers protected medical information, her Motion to Seal provided no such specific identification or definition regarding what Ms. Abdelhady deemed protected or private for the District Court to act upon.

Based on the information Ms. Abdelhady presented, the District Court, in its September 26, 2022, Minute Order, granted Ms. Abdelhady's motion with respect to one statement, and denied the remainder. *See* JA013.

## SUMMARY OF THE ARGUMENT

By her characterization, Ms. Abdelhady presses this appeal, "to preserve the privacy of her medical information and non-public documents generated in a D.C. Department of Employment Services (DOES) workers' compensation matter, and that were filed in a D.C. Court of Appeals case that was sealed when pending and remains sealed. GWU filed Ms. Abdelhady's medical information and the non-public documents on the District Court's public docket." Opening Br. 4. Regardless

15

of how Ms. Abdelhady characterizes her request for relief, she ultimately seeks to retroactively seal specific references to injuries, providers, and treatment that she, for the first time in her Opening Brief, specifically identifies. Ms. Abdelhady also seeks to seal generic references to her injuries, claims, and medical treatment that that she placed at issue in: 1) the administrative proceedings associated with her workers' compensation claim; 2) an appeal to the District of Columbia Court of Appeals; and 3) the subsequent federal District Court action.

Ms. Abdelhady does not limit the scope of her request to targeted instances referencing her alleged injuries and treatment contained within the relevant records, but instead demands that all DOES documents be sealed, regardless of whether they include reference to her alleged injuries, disability, medical providers, or treatment. However, in each instance, the associated filings and information were generally available—to the extent any pleadings in the District Court and D.C. DOES proceedings are—for extended periods of time. Ms. Abdelhady also cites no authority indicating that DOES documents are presumptively private or must be filed under seal.

Ultimately, Ms. Abdelhady's Motion to Seal did not provide the District Court with a clear framework articulating what specific information she believes should be sealed, and these new specific requests cannot be considered for the purpose of this appeal. "Appellate courts do not ordinarily consider evidence not contained in the

16

record developed at trial." *Colbert v. Potter*, 471 F.3d 158, 165–66 (D.C. Cir. 2006) (internal citations omitted).

Ms. Abdelhady also primarily argued that the District Court's Civil Privacy Notice requires that her protected health information be sealed. *See* JA100. However, this policy is based upon Fed. R. Civ. P. 5.2 and no such protected information is implicated, whether in or original request or the information described in her Opening Brief. The District Court appropriately determined that the documents Ms. Abdelhady sought to seal contained no medical records and that general references to her injuries did not constitute privileged medical information when she has already made the same references in her own public filings. *See* JA013. In so holding, there is nothing to suggest that the District Court did not consider the *Hubbard* factors simply because the District Court did not affirmatively cite *Hubbard* in its Order. GWU therefore respectfully requests that this Court affirm the ruling of the District Court; or, if this Court concludes that the District Court failed to issue a more detailed decision in support of its Order, evaluate Ms. Abdelhady's request pursuant to *Hubbard* in lieu of remand.

## STANDARD OF REVIEW

This Court reviews a District Court's decision not to seal court records for abuse of discretion. *See EEOC v. Nat'l Children's Ctr., Inc*., 98 F.3d 1406, 1409 (D.C. Cir. 1996).

## ARGUMENT

I.    **The District Court did not abuse its discretion in substantially denying Appellant's Motion to Seal based on Appellant's failure to identify information she believed constituted "protected health information" with sufficient specificity.**

"[T]he starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting *Johnson v. Greater Southeast Community Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991). The right of "public access to judicial records 'is a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch.'" *Leopold v. United States*, 964 F.3d 1121, 1127 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017)). The common-law right "antedates the Constitution," and "serves to produce an informed and enlightened public opinion." *See United States v. El-Sayegh*, 131 F.3d 158, 161 (D.C. Cir. 1997), *Leopold*, 964 F.3d at 1127 (quoting *Hubbard*, 650 F.2d at 315 n.79.

In determining whether judicial records should be sealed or made publicly accessible, all Circuits apply a balancing test that is "analytically similar" to the D.C. Circuit's balancing test articulated in *Hubbard*. *See Metlife, Inc.*, 865 F.3d at 671. The *Hubbard* test is intended to "ensure[ ] that [courts] fully account for the various

18

public and private interests at stake." *Metlife, Inc*., 865 F.3d at 666 (citing *Hardaway v. District of Columbia Housing Authority*, 843 F.3d 973, 980 (D.C. Cir. 2016); *Primas v. District of Columbia*, 719 F.3d 693, 698-99 (D.C. Cir. 2013); *Nat'l Children's Ctr., Inc*., 98 F.3d at 1409-11; *Johnson*, 951 F.2d at 1277 & n.14). It is incumbent upon the moving party to demonstrate why this usual rule of public accessibility should not apply in their case, and the unsupported assertion of an unqualified interest in privacy is not sufficient. *Cf. Johnson*, 951 F.2d at 1277 (D.C.Cir.1991) ("The decision as to access to judicial records is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." (quoting *Hubbard*, 650 F.2d at 316–17).

As explained in *United States v. Hubbard*, the moving party can overcome the presumption that public documents should remain public based on the following six factors:

(1)    the need for public access to the documents at issue;

(2)    the extent of previous public access to the documents;

(3)    the fact that someone has objected to disclosure, and the Identity of that person;

(4)    the strength of any property and privacy interests asserted;

(5)    the possibility of prejudice to those opposing disclosure;  and

(6)    the purposes for which the documents were introduced during the judicial proceedings.

*Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980)); *see also Metlife, Inc.*, 865 F.3d at 665; *In re the Matter of the Application of Jason Leopold to Unseal Certain Electronic Surveillance Applications and Orders*, 964 F.3d 1121, 1129–30 (D.C. Cir. 2020) (explaining that unless "Congress has spoken directly to the issue at hand," the "common-law standard enshrined in the *Hubbard* balancing test" governs "[]sealing decisions" (internal quotation marks omitted) (quoting *Metlife*, 865 F.3d at 669)). In "motions to seal or unseal judicial records, the *Hubbard* test has consistently served as our lodestar because it ensures that we fully account for the various public and private interests at stake." *Metlife*, 865 F.3d at 666. Although its discretion is "wide," the District Court must provide a "full explanation" for its decision, detailed enough to permit "review [of] the District Court's exercise of its discretion." *Id*.

The District Court's Minute Order at issue correctly concludes that the information appellant seeks to have placed under seal are not medical records and was information that was previously disclosed in Ms. Abdelhady's own—publicly filed—pleadings. The full text of the order is provided below.

> *MINUTE ORDER granting in part [appellant]'s [37] Sealed Motion. The Clerk of Court shall place ECF No. 32-10 under seal on the case*

20

*docket. That exhibit contains the names of doctors who treated the [appellant] for her injuries. For all other filings, however, the Court denies [appellant]'s motion. On the Court's review, those documents contain no medical records or details that the [appellant] herself does not already mention in the redacted [14] Amended Complaint. Stray references to her injuries do not count as privileged medical information, particularly when she has already made the same references in her own public filings. SO ORDERED. Signed by Judge Trevor N. McFadden on 9/26/22. (lctnm2)*

*See* Civil Docket No. 1:22-cv-01334-TNM*, Hdeel Abdelhady v. George Washington University et al.*

Ms. Abdelhady argues that the District Court abused its discretion by not explicitly applying and weighing the *Hubbard* factors; however, Ms. Abdelhady's argument is flawed based on her own characterization of "protected health information" and failure to identify specific instances of the information, rather than general reference to documents. Ms. Abdelhady's Motion to Seal provided only general reference to documents—not the specific information or location contained therein—she was seeking to seal. *See* JAS 101-103. Ms. Abdelhady argues that her protected health information should be sealed based upon the District Court's Civil Privacy Notice, which is based on Fed. R. Civ. P. 5.2 and requires redaction of social-security numbers, taxpayer-identification numbers, birth dates, the names of an individual known to be a minor, or financial-account numbers. *See* Fed. R. Civ. P. 5.2; *see also* LCvR 5.4(f) (mirroring the privacy and redaction requirements of Rule 5.2). The District Court properly determined there was no such unredacted

information in the documents Ms. Abdelhady sought to seal. Further, while Ms. Abdelhady's Amended Complaint was redacted in some areas, it still included references to alleged injuries, treatment, disability, and the name of several medical facilities where she received treatment. *See* JA025-26, JA032, JA039-40, JA057, JA074. This information is substantially similar to the alleged protected health information Ms. Abdelhady sought to seal. The Amended Complaint also appears to redact generic references to her claimed injuries and damages while concurrently leaving similar references unredacted. *See* JA079-084; *but compare* JA075, JA079-80. The District Court appropriately determined that the information Ms. Abdelhady sought to seal were not medical records and the information already existed in her public filings.

Ms. Abdelhady argues that GWU "spurned DOES policy and D.C. Court of Appeals' sealing order" Opening Br. 6. Notwithstanding Ms. Abdelhady's argument that documents from her workers' compensation case included private or protected medical information, her Motion to Seal argues that all documents from her workers' compensation case are presumptively private, non-public and should be restricted, without citing authority for the proposition. *See* JA100-111. DOES is subject to the District of Columbia's open government laws requiring entities subject to D.C. FOIA to provide "full and complete information" in response to requests for disclosure of public records unless it can identify a statutory exemption that

22

authorizes it to withhold responsive information. *See Vining v. Council of D.C.,* 140 A.3d 439, 445 (D.C. 2016) (citing 14 D.C. Code §§ 2–531–532). Notwithstanding documents that can be disclosed in response to a D.C. FOIA request, the District of Columbia also requires that final opinions, including concurring and dissenting opinions, <u>as well as orders made in the adjudication of cases</u> be made available to the public on the Internet, on a website, or by other electronic means. *See* D.C. Code § 2-536(a)(3) (emphasis added). Several of the DOES documents Ms. Abdelhady requested be sealed are specifically Orders issued by the ALJ in the administrative proceedings. *See* JAS021-022, JAS023-024, JAS033-034. Aside from redaction of personally identifying information as required by Rule 5.2 (requirements that are mirrored by DOES *see* JAS119), purportedly non-public documents are not presumptively private or filed under seal. This includes documents subject to protective order. *See In re McCormick & Co., Inc., Pepper Prod. Mktg. & Sales Pracs. Litig*., 316 F. Supp. 3d 455, 464 (D.D.C. 2018) (parties are not entitled to proceed completely under seal simply because certain information has been subject to a protective order); *see also Grynberg v. BP P.L.C.,* 205 F. Supp. 3d 1, 3 (D.D.C. 2016) (the existence of a confidentiality agreement does not dictate whether documents can be filed under seal); ); *see also, e.g., Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) (noting that, notwithstanding the applicability of a protective order under Rule 26, "documents used by parties moving for, or opposing, summary

23

judgment should not remain under seal absent the most compelling reasons"). With respect to Ms. Abdelhady's claims regarding the record on appeal at the D.C. Court of Appeals, Rule 12(c) primarily refers to sealing the record in cases relating to minors and in cases where the record was sealed by the Superior Court. *Id.* ("In any other appeal noted from a case in which the record has been sealed by the Superior Court, the record alone will be filed under seal . . . .). While Ms. Abdelhady has asserted the D.C. Court of Appeals sealed her appeal, the record does not include the relevant request, order, or other information and D.C. Ct. App. R. 12, on its face, does not appear applicable to her appeal.

"[T]he Supreme Court has held that orders interfering with the openness of court proceedings must be 'narrowly tailored'" and that "broad requests tend to be self-defeating because they hinder the ability of the party seeking to limit disclosure to establish with specificity the reasons that materials should be sealed." *See McCormick & Co.*, 316 F. Supp. 3d at 465 (citing *Press-Enter. Co. v. Superior Ct. of California, Riverside Cnty.*, 464 U.S. 501, 510 (1984)). Based on non-specific language characterizing her "protected health information" and failure to identify the location of purportedly private information in the documents she sought to seal, along with inconsistent application of redaction of putatively similar information, Ms. Abdelhady's Motion to Seal failed to provide the District Court with an actionable request such that it could explicitly articulate *Hubbard's* balancing

analysis. Rather, the District Court clearly articulated its reasoning for granting in part and denying Ms. Abdelhady's Motion to Seal based on the information she provided, and that order should be affirmed. *See TIG Ins. Co. v. Firemen's Ins. Co. of Washington, D.C.,* 718 F. Supp. 2d 90, 95 (D.D.C. 2010) ("[T]he plaintiff's motion simply asserts that the documents at issue contain confidential information. Yet this assertion alone is not sufficient to properly evaluate the instant motion under the six-part balancing test articulated by this Circuit.") (internal citations omitted); *see also In re Fort Totten Metrorail Cases*, 960 F. Supp. 2d 2, 13 n.6 (D.D.C. 2013) ("Insofar as any of this information is not already in the public domain, the defendants have failed to identify any such previously-undisclosed information with specificity and thus have not carried their burden to justify continued sealing.").

### B. GWU did not publish Appellant's protected health information and Appellant waived the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

Despite the presumption in favor of public filings, the Federal Rules of Civil Procedure describe circumstances where filings may be redacted and where access to public filings may be limited. *See* Fed. R. Civ. P. 5.2. Parties may redact portions of certain personally identifiable information and remote electronic access to the case files in Social Security benefits appeals and many immigration cases are limited unless the court orders otherwise, *Id.* at (a), (c). The court may also, for good cause, "require redaction of additional information." *Id.* at (e)(1).

25

Generally, a party's privacy interests do not extend beyond those portions of the complaint that contain sensitive medical information and the personally identifying information described in Federal Rule of Civil Procedure 5.2(a).

> **(a) Redacted Filings.** Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's **social-security number**, **taxpayer-identification number**, or **birth date**, the name of an individual known to be **a minor**, or a **financial-account number**,

Fed. R. Civ. P. 5.2; *see also* LCvR 5.4(f) (mirroring the privacy and redaction requirements of Rule 5.2). Despite Ms. Abdelhady's assertions otherwise, the filings Ms. Abdelhady requested that the District Court seal did not include personally identifying information as contemplated under Fed. R. Civ. P. 5.2 and LCvR 5.4(f). *See* JA100 (arguing relevant documents "contain[] unredacted references to [Appellant's] protected health information"). Ms. Abdelhady's reference to the District Court's Civil Privacy Notice does not constitute additional or binding authority. *See* JA100. As noted in the District Court's Minute Order, general references to Ms. Abdelhady's allegations and characterization of her injuries and treatment do not constitute privileged, private, or protected medical information.

Rule 5.2 also generally provides that an individual filing any document containing their own personal identifying information waives the protection of Rule 5.2(a) by filing the information without redaction and not under seal. *See* Rule 5.2(h) (Rule 5.2(a) protections are waived "as to the person's own information by filing it

26

without redaction and not under seal"). Even assuming the information Ms. Abdelhady sought to have sealed fell under the definition of "personal identifying information" as contemplated by Rule 5.2, Ms. Abdelhady's publicly filed Complaint described her injuries, medical treatment, medical providers, and impairments in explicit detail. While she retroactively sealed and redacted some of these references, the fact remains that this information was publicly filed by Ms. Abdelhady. Notwithstanding the fact that the documents and information at issue do not fall under the understood meaning of "personal identifying information" Ms. Abdelhady has waived the protections of Rule 5.2.

    **C.**    **Even if this Court determines the District Court failed to apply *Hubbard* or articulate its reasoning with sufficient specificity, this Court can weigh the *Hubbard* factors and remand is unnecessary.**

If the Court determines the District Court's reasoning was insufficient, "given the clarity of the issue, [the Circuit should] think it best to weigh the factors itself" and find no need for a remand. *See Hardaway*, 843 F.3d at 980. The documents at issue are included in the Joint Sealed Appendix. *See* JAS004-099. Ms. Abdelhady's Opening Brief provides this Court with information not provided to the District Court, citation to specific language that Ms. Abdelhady believes constitutes her protected medical information. *See* Opening Br. 9-11. While there are more documents at issue than in *Hardaway,* applying *Hubbard* to the relevant records

should not require complex or intensive analysis. *See Metlife, Inc.*, 865 F.3d at 675–76.

Briefly applying the *Hubbard* factors weighing strongly against Ms. Abdelhady's Motion to Seal, it is incumbent upon Plaintiff to demonstrate why this usual rule should not apply, and the unsupported assertion of an unqualified interest in privacy is not sufficient. *Cf. Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C.Cir.1991) ("The decision as to access to judicial records is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.") (*quoting Hubbard*, 650 F.2d at 316–17).

Ms. Abdelhady asserts in her Motion to Seal that "[t]here is simply no need for the public to have access to Plaintiff's medical treatment and diagnosis that can be articulated. This is a private cause of action. Plaintiff's medical treatment and condition are not matters of public disclosure" and her medical information is "presumptively private." *See* JAS104; *see also* Opening Br. 21. Ms. Abdelhady cites *United States v. Kravetz*, 706 F.3d 47, 57–58 (1st Cir. 2013) for this proposition; however, as the *Kravetz* court noted, prior public disclosure of private information may abrogate or diminish the presumption of privacy. *Id*. at 63-64 ("Levitin's claim of privacy in his medical records, however, may lose some force in light of his prior publication of the information that he now seeks to protect" where he "articulated .

28

. . the full panoply of ailments from which he suffers."). Ms. Abdelhady chose to file a public lawsuit against GWU and her statement that "this is a private cause of action," is not sufficient to overcome the presumption that judicial records should be public. Ms. Abdelhady also states "[a]s GWU stated in the District Court, it filed Ms. Abdelhady's medical information and non-public DOES documents in their entirety out of spite — to "defend itself . . . ." *See* Opening Br. 22 (citing JA230). However, Ms. Abdelhady does not point to any evidence demonstrating mal-intent or malice on the part of GWU. Disclosure of the previously published information described in Ms. Abdelhady's Motion to Seal does not raise the *Kravetz* Court's concerns about revealing information that "gratif[ies] private spite or promote[s] public scandal," nor would "public access simply cater to a morbid craving for that which is sensational and impure." *See Kravetz*, 706 F.3d at 63 (distinguishing between medical or psychological information that is "peripheral" and information that is "necessary for the public's appreciation of the sentence imposed"); *see also Nixon v. Warner Commc'ns*, 435 U.S. 589, 597-598 (1978).

With respect to the second factor, Ms. Abdelhady's publicly filed Complaint was filed without redaction and available for approximately one month. *See* JA003. As discussed previously, Ms. Abdelhady's redacted Complaint and Amended Complaint include various unredacted references to her injuries, claimed impairment, medical providers, and treatment. Further, the documents at issue in Ms.

29

Abdelhady's Motion to Seal have been on the public docket since September 7, 2022. *Id.* Where the public already has access to the information in question, *Hubbard* instructs courts to weigh the pre-existing access in favor of disclosure. *See Hubbard*, 650 F.2d at 318 ("Previous access is a factor which may weigh in favor of subsequent access."); *see also Kravetz*, cited *supra.*

The prejudice with which the fifth *Hubbard* factor is concerned is prejudice "to 'fair trial rights,' *i.e.*, legal prejudice in ongoing or future litigation." *DRC, Inc. v. Republic of Honduras*, No. 10-cv-3, 2011 WL 13257869, at *6 (D.D.C. Aug. 22, 2011) (quoting *Hubbard*, 650 F.2d at 321 n.107); *United States v. Munchel,* 567 F. Supp. 3d 9, 19 (D.D.C. 2021)); *United States v. All Assets Held at Bank Julius Baer & Co.,* 520 F. Supp. 3d 71, 84 (D.D.C. 2020) ("The possibility of prejudice refers to whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal.") (internal quotation marks omitted) (quoting *United States ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 68 (D.D.C. 2011))). Ms. Abdelhady argues that her medical information is private without articulation or demonstration of future prejudice or injury. "In this circuit, '[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.'" *Davis v. Pension Ben. Guar. Corp.*, 734 F.3d 1161, 1166–67 (D.C. Cir. 2013) (alteration in original) (quoting *Consol. Edison Co. of N.Y. v. FERC*, 510 F.3d

333, 340 (D.C. Cir. 2007)); *see, e.g., Guttenberg v. Emery*, 26 F. Supp. 3d 88, 95-96 (D.D.C. 2014) (rejecting the plaintiffs' "speculative and generalized argument").

The final particularly relevant *Hubbard* factor focuses on the purpose for which the sealed materials were introduced, where materials more central to the litigation and actually relied upon by the judge carry a stronger presumption of availability to the public. *See Hubbard*, 650 F.2d at 321 (holding that the district court should not have unsealed the documents that were not relevant, used in trial, or relied upon by the trial judge in his decision). Here, the ALJ in Ms. Abdelhady's workers' compensation hearing relied on the documents filed by Ms. Abdelhady and GWU. These documents were also relied upon by the District Court in granting GWU's dispositive motions.

Ms. Abdelhady has objected to the information that she—arguably unnecessarily based on the jurisdiction's permissive pleading standard—placed at issue through the filing of her Complaint and Amended Complaint remaining unsealed due to privacy implications. However, even assuming the *Hubbard* factors tilt in her favor—which they do not—Ms. Abdelhady's Motion to Seal failed to provide the District Court with an actionable request.

31

## CONCLUSION

Ms. Abdelhady's Motion to Seal failed to specifically identify the information she asserts is protected medical information or to otherwise provide the District Court with an appropriate framework by which to weigh and assess her request to seal that information. Ms. Abdelhady's Opening Brief now provides specific reference to information she believes constitutes her private or protected health information; however, the District Court was not presented with that information, and it is not part of the District Court record. Even though the District Court did not explicitly weigh the *Hubbard* factors in its opinion, it provided this Court sufficient detail regarding its reasoning. Because Ms. Abdelhady has not demonstrated that the District Court abused its discretion, GWU respectfully requests that this Court affirm the District Court's ruling.

Dated: June 5, 2023                      Respectfully submitted,

GLEASON, FLYNN, EMIG,
& MCAFEE, CHARTERED

*/s/ Gerard J. Emig*
Gerard J. Emig, Esq. #43778
11 North Washington Street, Suite 400
Rockville, MD  20850
gemig@gleason-law.com
(301) 294-2110 (telephone)
(301) 294-0737 (facsimile)
***Attorney for Appellee***
***George Washington University***

32

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Fed. R. App. P. 32(g)(1), the undersigned hereby certifies:

1.     George Washington University's Brief in Opposition complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains **<u>7,621</u>** words, excluding the exempted portions, as provided in Fed. R. App. P. 32(f). As permitted by Fed. R. App. P. 32(g)(1), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

2.     George Washington University's Brief in Opposition complies with the typeface and type style requirements of Fed. R. App. P. 27(a)(5)-(6) because it was prepared in proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font.

Dated: June 5, 2023                      /s/  *Gerard J. Emig*
                                         Gerard J. Emig, Esq.

33

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 5th day of June 2023, a copy of the

foregoing Brief in Opposition was served electronically on:

Hdeel Abdelhady
*Pro Se*
1717 Pennsylvania Ave., NW #1025
Washington, D.C. 20006
<u>habdelhady@mapopllc.com</u>
*Appellant*

Samuel Joseph DeBlasis, II
DeCaro, Doran, Siciliano, Gallagher
  & DeBlasis, LLP
17251 Melford Blvd., Suite 200
Bowie, MD  20715
*Attorney for PMA Management*


                                                    */s/ Gerard J. Emig_____*
                                                    Gerard J. Emig, Esq.